*Decision will be entered under Rule 50.*

SOLOMON STEINER, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 5436–68.   Filed March 18, 1971.

*J. Benjamin Simmons*, for the petitioner.
*William Morris* and *Louis F. Nicharot*, for the respondent.

OPINION

TIETJENS, *Judge:* Respondent determined a deficiency of $338.68 in petitioner's Federal income tax for the year 1966. This deficiency arises by reason of respondent's determination that petitioner's net earnings from self-employment were subject to the tax on self-employment income imposed by section 1401 of the Internal Revenue Act.[1] No question is raised as to the amount or the character of the in-

---

[1] All subsequent statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.

come involved. The only question for our consideration is whether petitioner is required to pay the self-employment tax imposed by virtue of section 1401 under the facts of the instant case.

All of the facts have been stipulated and are so found. The stipulation and the exhibits attached thereto are incorporated herein by this reference.

Petitioner, at all times pertinent herein, has been a resident of Washington, D.C. He filed a separate return for 1966, the taxable year in question, with the district director of internal revenue at Baltimore, Md.

Petitioner was a self-employed accountant during 1966, and his only income in that year stemmed from his accounting activities. Petitioner had $5,507 of self-employment income as that term is defined in section 1402(a)[2] and 1402(b)[3] and used in section 1401(a) and (b). Prior to 1966, petitioner, pursuant to section 1401, had computed and paid a self-employment tax for in excess of 40 consecutive quarters,[4] thus achieving the status of a "fully insured individual" as defined in 42 U.S.C. sec. 414(a)(2).[5] In his income tax return for 1966, petitioner did not compute, nor did he pay any self-employment tax under section 1401. Respondent, in his notice of deficiency, computed the tax due under section 1401, and determined a deficiency of $338.68 (6.15 percent × $5,507).[6]

---

[2] SEC. 1402. DEFINITIONS.

(a) NET EARNINGS FROM SELF-EMPLOYMENT.—The term "net earnings from self-employment" means the gross income derived by an individual from any trade or business carried on by such individual, less the deductions allowed by this subtitle which are attributable to such trade or business, * * *

[3] SEC. 1402(b). SELF-EMPLOYMENT INCOME.—The term "self-employment income" means the net earnings from self-employment derived by an individual (other than a nonresident alien individual) during any taxable year; * * *

[4] 42 U.S.C. sec. 413(a)(1) of the Social Security Act defines "quarter" as a period of 3 calendar months ending on March 31, June 30, September 30, and December 31.

Sec. 413(a)(2) of the same Act defines a "quarter of coverage" as one in which an individual has been credited with $100 or more of self-employment income.

[5] SEC. 414. Insured Status for Purposes of Old-Age and Survivors Insurance Benefits

For the purposes of this subchapter—

(a) The term "fully insured individual" means any individual who had not less than—

*    *    *    *    *    *    *

(2) 40 quarters of coverage; * * *

[6] SEC. 1401(a). OLD-AGE, SURVIVORS, AND DISABILITY INSURANCE.—In addition to other taxes, there shall be imposed for each taxable year, on the self-employment income of every individual, a tax as follows:

(1) in the case of any taxable year beginning after December 31, 1965, and before January 1, 1967, the tax shall be equal to 5.8 percent of the amount of the self-employment income for such taxable year;

*    *    *    *    *    *    *

(b) HOSPITAL INSURANCE.—In addition to the tax imposed by the preceding subsection, there shall be imposed for each taxable year, on the self-employment income of every individual, a tax as follows:

(1) in the case of any taxable year beginning after December 31, 1965, and before January 1, 1967, the tax shall be equal to 0.35 percent of the amount of the self-employment income for such taxable year;

The sum of the percentages of 1401(a) and 1401(b), when added together, equals 6.15 percent as set forth in the body of the opinion.

Petitioner presents a novel argument based on a presumed correlation between entitlement to certain maximum benefits under section 414 of the Social Security Act as amended (1964), 42 U.S.C. sec. 301 *et seq.*, and the liability for payment of self-employment taxes under section 1401. Petitioner is a "fully-insured individual" within the meaning of section 414 of the Social Security Act, 42 U.S.C. sec. 301 *et seq.*, because he has over 40 quarters of coverage. Under section 402, 42 U.S.C. sec. 301 *et seq.*, petitioner's rights to old-age and survivors insurance benefit payments are fully vested, and he need only reach the age of 62 (which, as of 1966, petitioner had not yet done, having been born in May of 1906) to begin receiving payments under the Act. Petitioner argues that since he has done all that is required in order to be eligible for the maximum benefits allowable under the Social Security Act, he need no longer pay the tax levied by virtue of section 1401. He further contends that to decide otherwise would be a confiscatory taking of property without due process of law, and in violation of his rights under the fifth amendment of the Constitution of the United States.

Petitioner's argument is without merit. It finds no support in any provision of the Internal Revenue Code, in any regulation of the Commissioner, in any congressional report, or in any provision of the Constitution. See *Lewyt* v. *Commissioner*, 349 U.S. 237 (1955); *Cain* v. *United States*, 211 F.2d 375 (C.A. 5, 1954), certiorari denied 347 U.S. 1013 (1954).

*Decision will be entered for the respondent.*