SAMUEL J. AND MARTINA M. COX, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 551–72. Filed June 20, 1973.

Samuel J. Cox, pro se.
*Philip G. Owens,* for the respondent.

SCOTT, *Judge:* Respondent determined a deficiency in petitioners' income tax for the calendar year 1969 in the amount of $700.58. Of this deficiency, the amount of $462.90 arises from respondent's determination that petitioners' net income from a partnership is subject

to tax on income from self-employment imposed by section 1401(a), I.R.C. 1954.[1]

The issues for decision are:

(1) Whether petitioner's wages from the Louisville & Nashville Railroad Co. which were subject to tax under the Railroad Retirement Tax Act should be considered the equivalent of wages subject to tax under the Federal Insurance Contribution Act in determining the extent, if any, to which petitioner's self-employment income is subject to the tax imposed by section 1401(a) on self-employment income.

(2) Whether petitioner is entitled to deduct $156 as an ordinary and necessary business expense for uniform maintenance.

## FINDINGS OF FACT

Most of the facts have been stipulated and are found accordingly.

Samuel J. and Martina M. Cox, husband and wife who resided in Louisville, Ky., at the time their petition in this case was filed, filed a joint Federal income tax return for the calendar year 1969 with the district director of internal revenue at Louisville, Ky. On this return they showed income from the following sources:

| Source | Type income | Amount |
| --- | --- | --- |
| L & N Railroad Co | Wages | $4,951.57 |
| Klarer of Kentucky, Inc | Wages | 735.75 |
| Northside Electric | Partnership | 6,730.00 |
| Clark Refrigeration | Miscellaneous | 1,800.00 |
| Red Langley | Miscellaneous | 340.00 |
| Unknown | Interest | 99.00 |
| Total | | 14,656.32 |

Samuel J. Cox (petitioner) had been employed by the Louisville & Nashville Railroad Co. (L&N) for approximately 4 years at the time in 1969 that he left this employment to become employed by Klarer of Kentucky, Inc. Railroad retirement tax was withheld from $4,089.52 of petitioner's earnings from his employment by L&N. Federal Insurance Contribution Act tax was withheld from all of petitioner's wages from Klarer of Kentucky, Inc.

Petitioner's miscellaneous income from Clark Refrigeration and Red Langley was self-employment income. Petitioner was a member of the Northside Electric partnership during 1969, but he neither reported nor paid self-employment tax on his net earnings derived from self-employment with this partnership.

The uniforms worn by petitioner during his work at L&N replaced items of clothing ordinarily worn by petitioner. Because of dirt and grease involved in petitioner's job, he rented uniforms so that he

---

[1] All references are to the Internal Revenue Code of 1954, unless otherwise indicated.

could leave them on the premises. He rented the uniforms for personal reasons and the uniforms were left on the premises for personal reasons. The total cost to petitioner of rental uniforms in the year 1969 was $156.

Respondent in his notice of deficiency determined that petitioner was subject to the self-employment tax imposed by section 1401(a) on his net income from the Northside Electric partnership.

Petitioner on his income tax return for 1969 claimed a deduction under the designation "uniforms" in the amount of $156. Respondent in his notice of deficiency disallowed this claimed deduction stating as his reason therefor that the cost and care of petitioner's work clothes were not deductible since these clothes were adaptable for wear as ordinary clothing while off duty or away from work.

OPINION

Section 1401(a) imposes a tax for old age, survivors, and disability insurance on self-employment income of every individual at the rate for the year 1969 of 6.3 percent on net earnings from self-employment up to $7,800 if such earnings are in excess of $400 except that the $7,800 is reduced by the amount of wages subject to tax under the Federal Insurance Contribution Act. Although for the purpose of the tax imposed by section 1401(b) for hospital insurance tax at the rate of 0.60 percent of the amount of self-employment income, the definition of the term "wages" contained in section 1402(b)(2) includes compensation which is subject to the tax under the Railroad Retirement Tax Act, section 1402(b)(2) specifically provides that such compensation is included "solely with respect to the tax imposed by section 1401(b)." It is therefore clear from the statutory provisions that compensation subject to tax under the Railroad Retirement Tax Act is not considered wages paid to an individual for the purpose of computing the amount of self-employment income subject to tax for old age, survivors, and disability insurance imposed by section 1401(a) of the Code.

Since petitioner's contention that wages he received which were subject to tax under the Railroad Retirement Tax Act should reduce the amount of his self-employment income subject to tax under section 1401(a) finds no support in any provision of the Internal Revenue Code or in any regulation, it is without merit. *Solomon Steiner,* 55 T.C. 1018 (1971), affirmed per curiam (C.A.D.C. 1972), certiorari denied 409 U.S. 850 (1972).

Petitioner's argument is that since he worked in an occupation subject to tax under the Railroad Retirement Tax Act for less than 10 years, the amount of tax on his wages under that Act will be turned over to the fund created by taxes imposed by the Federal Insurance

Contribution Act, and it is therefore inequitable to tax him in 1969 on any amount in excess of $7,800 less his wages subject to the tax under the Railroad Retirement Tax Act.

On the surface petitioner's argument has some appeal. However, upon further consideration, it is apparent that the argument is without merit. 45 U.S.C. section 228b (Railroad Retirement Act of 1937 as amended) provides that an individual who has completed 10 years of service as an employee as defined in that Act shall be eligible for an annuity under that Act when he reaches 65 years of age or meets certain other standards therein specified in detail. 45 U.S.C. section 228e(k)(1) provides that "For the purpose of determining (i) insurance benefits under title II of the Social Security Act to an employee who will have completed less than ten years of service * * * section 410(a)(9) of Title 42 [the Social Security Tax Act], and section 228q of this title shall not operate to exclude from 'employment', under title II of the Social Security Act, service which would otherwise be included in such 'employment' but for such sections." The balance of section 228e(k) deals with adjustments to be made between the Railroad Retirement Board and the Secretary of Health, Education, and Welfare to determine the amounts of transfers of funds. There is nothing in either the Railroad Retirement Act or the Social Security Act that prohibits an individual who would qualify for an annuity under the Railroad Retirement Act because of 10 years or more of service subject to that Act prior to age 65 from also obtaining social security benefits at age 65 if he has the requisite covered employment subject to tax under the Federal Insurance Contribution Act. It appears from the statute that the adjustments between railroad retirement and social security funds are not to be made until such time as the individual who has paid into both funds applies for either social security payments or payments under the Railroad Retirement Act. This is spelled out in section 404.1401 of the Code of Federal Regulations dealing with the Social Security Administration. This regulation provides that the Railroad Retirement Act "transfers to the old-age, survivors and disability insurance system individuals who at the time of retirement, onset of disability or death have less than 10 years of service in the railroad industry." Therefore, the payments which petitioner has made under the provisions of the Railroad Retirement Tax Act will not be transferred to the old-age, survivors, and disability insurance system until petitioner applies for retirement under one or the other of the systems. It might well be that petitioner, before he reaches the age of 65, will return to employment which is subject to tax under the Railroad Retirement Tax Act and will complete 10 years of service in such employment and when he becomes 65 be eligible for both social security payments and an annuity under the Railroad Retirement Act.

The apparent inequity which petitioner argues exists does not in fact exist.[2]

We therefore conclude that respondent correctly determined that petitioner's partnership self-employment income is subject to the tax on the self-employment earnings imposed by section 1401(a).

Petitioner made no argument as to the basis of his contention that he is entitled to a deduction for uniform rental. He has agreed that the uniforms he rented replaced his ordinary clothes and that he rented them for personal reasons and left them on the premises for personal reasons. On the basis of this record petitioner has failed to show that he is entitled to a business expense deduction for the amount he paid as uniform rental. *Harry A. Roberts*, 10 T.C. 581, 585 (1948), affd. 176 F. 2d 221 (C.A. 9, 1949).

*Decision will be entered for the respondent.*

---

[2] The bulletin, "Your Social Security—Retirement, Survivors, and Disability Insurance—Medicare," Department of Health, Education, and Welfare publication No. (SSA)773–10035, which is printed by the U.S. Government Printing Office states on p. 42 :
Railroad Employment
Earnings from railroad work are reported to the Railroad Retirement Board and not to the Social Security Administration. Your social security record will not include any work you may have done for a railroad.
Benefits based on work for a railroad are ordinarily paid by the Railroad Retirement Board. However, if you have less than 120 months (10 years) of railroad service when you retire or become disabled, your earnings for railroad work after 1936 are considered in figuring your disability or retirement payments under the social security law.
A retired worker who has at least 120 months of railroad service and who has also done enough work under social security to qualify for social security benefits may receive retirement benefits under both railroad retirement and social security.