“Plaintiffs sue to recover the self-employment taxes, along with the penalties and interest thereon, that they paid as assessed under Chapter 2, sections 1401-03, of the Internal Revenue Code of 1954. Plaintiffs filed their personal income and self-employment tax returns for taxable years 1956-63, 1965,1966, and 1968 on January 23,1973, and paid the amount of tax indicated. Plaintiffs timely submitted their claims for refund of the self-employment taxes paid on their self-employment income, which were denied on December 19, 1973. Thereafter plaintiffs filed suit in this court.
*592 “The self-employment tax imposed by chapter 2 is, with respect to self-employed taxpayers, analogous to the Social Security taxes withheld from the earnings of taxpayers, not self-employed, who receive wages or salaries. Self-employment income timely reported is credited to a taxpayer’s Social Security records of earnings, upon which Social Security benefits are based. Generally, the greater one’s recorded earnings, up to a point, the greater one’s entitlement to benefits through the Social Security program. When plaintiffs filed their return in January 1973, however, more than 3 years,. 3 months, and 15 days had elapsed from the end of each year for which they reported self-employment income. This time limitation is significant because section 205 of the Social Security Act, as amended, 42 U.S.C. § 405, provides that one’s Social Security records may not be amended to reflect any self-employment income reported thereafter. Thus, plaintiffs are frustrated in obtaining the Social Security benefits they might otherwise have received on their self-employment income.
“Plaintiffs’ first argument takes a syllogistic form. Plaintiffs rely on section 6401 of the Code for their major premise, that an overpayment is any amount of tax collected after the expiration of the properly applicable period of limitations. Plaintiffs then assert that the limitations period applicable to self-employment taxes is the same as the time limitation for amending records of earnings under the Social Security Act. Plaintiffs’ minor premise is that they filed their return and paid their tax, on January 23,1973, after the Social Security time limitation had expired. Therefore, plaintiffs conclude, their remittance constituted an overpayment of tax, a refund of which is now due them under section 6402.
“The flaw of plaintiffs’ argument is not in its logic but in its law. We have no quarrel with the plaintiffs’ use of section 6401, but we deny the second part of that premise, that the Social Security Act furnishes the proper limitations period. Rather, we hold that section 6401 looks for the limitations period to section 6501, which contains all the limitations periods applicable to the Internal Revenue Code. Nowhere do we find the Code suggesting that periods of limitation may be adopted from any other provision of law. Thus, the general *593 rule of section 6501 applies here, that taxes may be assessed and collected until 3 years from the date the taxpayers’ return was due, or 3 years from the date it was actually filed, whichever is later. Completing the syllogism in this light, we find that plaintiffs’ taxes were collected on the same day that plaintiffs filed their return, so that the proper limitations period had not expired. Our logic leads us to conclude that there was no overpayment.
“Plaintiffs assume that, having paid the taxes, they deserve their quid, pro quo — increased Social Security benefits — or a refund of the taxes. Whatever the moral force of their claim, it cannot prevail here in the absence of statutory support for it. Plaintiffs’ liability for self-employment taxes was absolute, and neither optional nor contingent upon their eligibility to receive increased Social Security benefits. We see no support for plaintiffs’ contention that they are entitled to restitution of their taxes solely because they were so delinquent in paying the tax that collateral benefits are now lost to them.
“Accordingly, upon consideration of the pleadingá, plaintiffs’ motion for summary judgment and defendant’s cross-motion for summary judgment, and the briefs and representations of the parties but without oral argument, IT IS ORDERED that defendant’s cross-motion for summary judgment be granted, plaintiffs’ motion, for summary judgment be denied and the petition dismissed.”