WILLIAM WARK TYNG, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Tyng v. Commissioner
Docket No. 35794-83.
United States Tax Court
T.C. Memo 1985-399; 1985 Tax Ct. Memo LEXIS 232; 50 T.C.M. (CCH) 658; T.C.M. (RIA) 85399; August 7, 1985. William Wark Tyng, pro se. David E. Gaston, for the respondent. SWIFT
MEMORANDUM OPINION SWIFT, Judge: By statutory notice of deficiency *233 dated September 28, 1983, respondent determined a deficiency in petitioner's 1981 Federal income tax liability in the amount of $327.64. The sole issue for decision is whether petitioner is liable for the tax on self-employment income pursuant to sections 1401 and 1402. [1]
This case was submitted fully stipulated under Rule 122, Tax Court Rules of Practice and Procedure. The stipulations of fact are incorporated herein by this reference. The pertinent facts are summarized below. Petitioner, William Wark Tyng, resided in Washington, D.C., at the time his petition was filed. Petitioner retired in 1975 after 34 years of civil service employment with the Federal government. He received a Masters in Theological Studies in 1977 from Virginia Theological Seminary. During 1981, he was employed as an assistant to the clergy staff of All Saints Episcopal Church (All Saints) in Chevy Chase, Maryland. Petitioner received $5,200 from All Saints in 1981 for his services as a clergy assistant, which he reported on Schedule C of his Federal *234 income tax return for that year. Petitioner did not pay any self-employment tax and no withholding from that income was made by his employer for Federal Insurance Contributions Act ("social security") contributions. Petitioner has not argued that the payments he received for his services as a cleargy assistant do not constitute self-employment income, and there is no dispute as to the amount of that income. He has stipulated that he is not ordained, has not taken a vow of poverty, is not a member of a religious order, and that he has not claimed an exemption from self-employment tax under sections 1402(e) or 1402(g). Petitioner objects to paying self-employment taxes because he claims he will not qualify to receive benefits under the social security system. His argument is based on his understanding that he will not qualify for social security benefits because he will reach his 65th birthday prior to contributing to the social security system a sufficient number of quarters. Petitioner also maintains that sections 1401 and 1402 violate the 4th, 5th, 9th, and 14th Amendments to the United States Constitution. It is well settled that the self-employment tax is constitutional. *235 Helvering v. Davis,301 U.S. 619 (1937); Cain v. United States,211 F.2d 375 (5th Cir. 1954); Henson v. Commissioner,66 T.C. 835 (1976); Steiner v. Commissioner,55 T.C. 1018 (1971), affd. without published opinion (D.C. Cir. 1972). Petitioner's liability for self-employment tax is absolute and not conditioned upon the likelihood of his receiving social security benefits. Guerard v. United States,212 Ct. Cl. 591 (1977). [2] Contrary to petitioner's argument, the Supreme Court has held that the social security system is noncontractual in nature, and "each worker's benefits * * * are not dependent on the degree to which he was called upon to support the system by taxation." Fleming v. Nestor,363 U.S. 603, 609-610 (1960). Although Congress has given to certain groups the option to exclude themselves from both self-employment taxes and social security benefits *236 (see secs. 1402(e) and 1402(g)), the use of the word "insurance" in the statute does not imply that the payment of taxes that support social security benefits is voluntary. Petitioner makes no claim to be a member of one of the groups eligible for exemption under 1402(e) and 1402(g), and he does not dispute that he received self-employment income for the year at issue. Therefore, we conclude that petitioner is liable for self-employment taxes for 1981 under sections 1401 and 1402. Petitioner also argued that he was not liable for self-employment tax for 1980, in his case at docket No. 27207-82S. This Court rejected his arguments therein and entered a decision for respondent in T.C. Summary Opinion 1983-694, filed October 6, 1983. Apparently unconvinced by that opinion that his contentions have no support in law, petitioner thereafter filed his petition in the present case, on December 27, 1983. Petitioner ought now to be aware that his claims are without merit. We note that he has filed a petition for 1982, again contesting liability for the self-employment tax on the basis of the same arguments rejected here and in the Court's prior opinion. We advise petitioner, should *237 be choose to persist in those arguments, that section 6673 authorizes this Court to impose damages of as much as $5,000 whenever it appears that proceedings have been instituted or maintained primarily for delay or that the taxpayer's position is "frivolous or groundless." To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as in effect during the taxable year in issue.↩
2. See also Hunsberger v. Commissioner,T.C. Memo. 1982-607; Fiorito v. Commissioner,T.C. Memo. 1981-576, affd. without published opinion 720 F.2d 682↩ (7th Cir. 1983).