Holmes F. CROUCH, Plaintiff,

v.

The UNITED STATES of America, et al., Defendant.

No. C–86–20329–WAI.

United States District Court, N.D. California.

April 16, 1987.

**814**

Holmes F. Crouch, in pro per.

Alexander F. Eagle, III, Eagle & Courtney, San Jose, Cal., for plaintiff.

Joseph P. Russoniello, U.S. Atty., Jay R. Weill, Asst. U.S. Atty., Chief, Tax Div., San Francisco, Cal., for defendant.

## ORDER

INGRAM, District Judge.

■ In this action plaintiff Holmes F. Crouch seeks to recover 1981, 1982, and 1983 self-employment taxes which were paid to defendant the United States. For the reasons set forth below, defendant's motion to dismiss for failure to state a cause of action, pursuant to Fed.R.Civ.P. 12 (b)(6), is granted.[1]

### I.

### CASE BACKGROUND

Under Fed.R.Civ.P. 12 (b)(6), the facts from the plaintiff's complaint must be deemed correct and undisputed. On January 31, 1981, plaintiff Crouch turned 62 years of age. On this date Crouch's contributions to the social security system spanned a 28 year period. Upon turning 62, Crouch's social security benefits vested for life and he states he became "fully insured" under the Social Security Act. 42 U.S.C. § 402(a). On May 12, 1981, Crouch alleges he then made an unconditional gift of all his Social Security Benefits to the

Federal Old-Age and Survivors Trust Fund. After May 12, 1981, Crouch filed a claim for a refund of self-employment taxes for the years 1981, 1982, and 1983. The I.R.S. failed to the respond within the six month statutory period and Crouch filed this complaint for the refund of self-employment taxes.

### II.

### ANALYSIS

The question presented to the court is whether a person's unconditional waiver of his already vested rights to benefits under the Social Security Act exempts such person from continued contributions.

#### 1. *Applicable Law*

26 U.S.C. § 3111 and § 3101 impose F.I.C.A. taxes, also known as Social Security Taxes, against employers and employees respectively. These provisions impose the Old Age Survivors and Disability Insurance Tax (OASDI) and also impose the Hospital Insurance Tax (Medicare).

For self-employed persons, parts (a) and (b) of 26 U.S.C. § 1401 are analogous to the OASDI and Medicare Taxes applicable to the employer-employee taxes. Pursuant to 26 U.S.C. § 1401, all self-employment income of an individual is subject to the FICA taxes.[2] *See*, 26 U.S.C. § 1402(a) and (b). In the instant case, neither party contests that Crouch's income derived from self-employment and that such income is subject to FICA Tax. Crouch does contest, however, payment of FICA Taxes after waiving his rights to Social Security Benefits when such rights have already vested.

#### 2. *Social Security Taxes Are Mandatory*

In *United States v. Lee*, 455 U.S. 252, 258–59, 102 S.Ct. 1051, 1055–56, 71 L.Ed.2d 127 (1982), the United States Supreme

---

1. Crouch's request for sanctions is denied. There was no prejudice to plaintiff from the late filing of the government's brief.

2. "Self-employment income" is defined as the net earnings from self-employment derived by an individual. *See* 26 U.S.C. § 1402(b). Additionally, "net earnings from self-employment" is defined as the gross income derived by an individual from any trade or business carried on by such individual, less certain exclusions and adjustments. *See* 26 U.S.C. 1402 (a)(1)–(14).

Court stated that the fiscal integrity of the Social Security System is dependent on payment from today's society. The Court noted:

> The design of the [social security] system requires support by mandatory contribution from covered employers and employees. This mandatory participation is indispensable to the fiscal vitality of the social security system. "[W]idespread individual voluntary coverage under social security ... would undermine the soundness of the social security program." S Rep No. 404, 89th Cong., 1st Sess., pt. 1 p. 116 (1965) ... Thus, the government's interest in assuring mandatory and continuous participation in and contribution to the social security system is very high. 455 U.S. 258–59, 102 S.Ct. at 1055–56.

The Court went on to say, *Id.* at 261, N. 12, 102 S.Ct. at 1057 n. 12:

> (T)he [social security] statute compels contributions to the system by way of taxes; it does not compel any one to accept benefits.

Furthermore, several United States Court of Claims decisions reflect that social security taxes are mandatory. In *Guerard v. United States*, 553 F.2d 104, 212 Ct.Cl. 591 (1977) the court stated:

> [The taxpayer's] liability for self-employment taxes was absolute, and neither optional nor contingent upon their eligibility to receive increased social security benefits.

In *Tyng v. Commissioner*, PH Memo T.C. ¶ 85,399 (1985), the Court stated that the taxpayer's "liability for self-employment tax is absolute and not conditioned upon the likelihood of his receiving social security benefits." The Court further noted that "the use of the word 'insurance' in the statute does not imply that the payment of taxes that support social security benefits is voluntary."

In *Sandridge v. Commissioner*, PH Memo T.C. ¶ 80,152 (1980), the Court addressed the question whether a taxpayer can elect to be covered by the social security system and required to pay self-employment taxes. The Court decided that:

> [t]he self-employment tax imposed by § 1401, Internal Revenue Code of 1954, is not elective. There is no basis under the law for [the taxpayer's] position that he may chose whether to subject himself and his income to tax.

The taxpayer in *Steiner v. Commissioner*, 55 T.C. 1018, (1971) *aff'd per curium* 72–1 U.S.T.C. ¶ 9327 (D.C.Cir.1972), presented the Court with an issue similar to that of the case at bar.[3] The Court of Appeals affirmed the Tax Court finding that even after the taxpayers rights to old age and survivors insurance benefit payments were fully vested, he still was required to pay self-employment taxes. 55 T.C. at 1020.

■ It is clear from the above decisions of the Supreme Court and the Court of Claims that although a taxpayer may elect to not receive his benefits at all from the social security system, the taxpayer is still required to pay the mandatory FICA taxes to the United States. Crouch contends that the instant case is distinguishable from the case cited above. He states that first, he is a retirement-age individual and thereby eligible to collect social security benefits for the rest of his life; and second, he has renounced irrevocably and gifted all his rights to social security benefits.

■ The court finds these distinctions to be without merit. The social security system requires support by mandatory and continuous contributions. *United States v. Lee*, 455 U.S. 252, 258–59, 102 S.Ct. 1051, 1055–56, 71 L.Ed.2d 127 (1982). The fact that Crouch is eligible to receive his social security benefits and/or that he allegedly gifted his benefits is not relevant to the mandatory provisions of the Act. Crouch is not compelled to accept his social security benefits however, he is compelled to continue payment of social security taxes.

---

**3.** The taxpayer in *Steiner, id.,* asserted that he was exempt from paying self-employment taxes because he had paid self-employment taxes in excess of 40 consecutive quarters and thus had achieved the status of a "fully insured individual."

III.

CONCLUSION

For the reasons set out herein, defendant's MOTION TO DISMISS IS GRANTED.

IT IS SO ORDERED.