FRIEDMAN, Circuit Judge.
 

 Section 86 of the Internal Revenue Code of 1954, 26 U.S.C. § 86 (1982 & Supp. II 1984), provides that for a taxpayer whose “modified adjusted gross income” exceeds a certain amount, part of his Social Security benefits must be included in gross income. The question in this tax refund case, here on appeal from the United States Claims Court, is whether the inclusion of tax-exempt municipal bond interest in a taxpayer’s “modified adjusted gross income,” as section 86 requires, results in an
 
 *277
 
 impermissible tax on the interest. The Claims Court answered that question negatively and dismissed the complaint. We affirm, but on a different ground from that of the Claims Court.
 

 I
 

 A. Section 86 of the Code requires that taxpayers who receive substantial income from sources other than Social Security include a portion of their Social Security benefits in their gross income. It provides:
 

 (a) In general
 

 Gross income for the taxable year of any taxpayer described in subsection (b) ... includes social security benefits in an amount equal to the lesser of—
 

 (1) one-half of the social security benefits received during the taxable year, or
 

 (2) one-half of the excess described in subsection (b)(1).
 

 Subsection (b)(1) describes as a taxpayer one whose “modified adjusted gross income” plus one-half of the Social Security benefits received exceeds the “base amount” which, for taxpayers filing joint returns, is $32,000. Subsection (c)(2). Subsection (b)(2)(B) defines “modified adjusted gross income” as “adjusted gross income” increased by the amount of interest received or accrued by the taxpayer during the taxable year which is exempt from tax.”
 

 In other words, in calculating “modified adjusted gross income” (which is then used to determine what portion, if any, of a taxpayer’s Social Security benefits are included in his gross income because his “modified adjusted gross income” exceeds the “base amount”), tax-exempt income is included.
 

 B. The relevant facts are undisputed. During 1984, the appellants, who filed a joint return, received $10,526.40 in Social Security benefits, and $5,236.59 in tax-exempt interest from municipal bonds. The formula in section 86 for determining the appellants’ “modified adjusted gross income” required them to include $2,476.97 of their Social Security benefits in their gross income. The effect was that the taxpayers’ tax was $548 more than it would have been had they hot included the municipal bond interest in their “modified adjusted gross income.”
 

 Alleging that the inclusion of municipal bond interest in their “modified adjusted gross income” was unconstitutional, the appellants filed with the Commissioner of Internal Revenue a claim for refund of $548. The Commissioner did not act on the claim for six months, and the appellants then filed the present refund suit in the Claims Court, as 26 U.S.C. § 6532(a)(1) (1982) permits. The appellants contended that the inclusion of tax-exempt interest in their “modified adjusted gross income” resulted in a tax on tax-exempt interest and, as such, was unconstitutional — primarily because it violated the principle of intergovernmental tax immunity.
 

 Both sides moved for summary judgment. Ruling from the bench, the Claims Court granted the government’s motion and dismissed the complaint. Pretermit-ting the question whether, as the government contended, the inclusion of tax-exempt interest under section 86 resulted in a tax on Social Security benefits rather than on the interest, the court ruled that “Section 86 procedures are not un-Constitutional and they do not violate the inter-Governmental immunity doctrine as it exists today.”
 

 II
 

 In defending before the Claims Court the validity of the inclusion of the tax-exempt interest in “modified adjusted gross income,” the government contended (1) that section 86 resulted in a tax on Social Security benefits and not on tax-exempt interest, but (2) that if it produced a tax on that interest, the tax was constitutional. The government argued that the doctrine of intergovernmental immunity applied in
 
 Pollock v. Farmers’ Loan & Trust Co.,
 
 157 U.S. 429, 15 S.Ct. 673, 39 L.Ed. 759 (1895), to bar federal income taxation of tax-exempt interest of municipal bonds, had been so eroded in recent years as to deprive the doctrine of continuing validity.
 

 
 *278
 
 In that situation, the normal and accepted method of judicial procedure is first to decide the statutory issue and thus perhaps avoid the need to reach the constitutional question.
 
 See Ashwander v. T.V.A.,
 
 297 U.S. 288, 347, 56 S.Ct. 466, 483, 80 L.Ed. 688 (1936) (Brandeis, J., concurring);
 
 SRI Int’l v. Matsushita Elec. Corp.,
 
 775 F.2d 1107, 1126 (Fed.Cir.1985) (additional views of Chief Judge Markey and Judge Newman). Instead, the Claims Court proceeded directly to the constitutional issue and resolved it in favor of the government.
 

 Unlike the Claims Court, we first examine the statutory question. We hold that the inclusion of tax-exempt interest in “modified adjusted gross income” under section 86 results in a tax on Social Security benefits and not on the interest. The appellants do not contend that if the tax is on Social Security benefits it is invalid. We therefore affirm the judgment of the Claims Court on this alternative ground and find it unnecessary to reach the constitutional issue.
 

 Ill
 

 A. On its face, section 86 imposes a tax on Social Security benefits, not on tax-exempt interest. It provides that in certain circumstances “[g]ross income” “includes” a portion of Social Security benefits. The effect of treating Social Security benefits as part of gross income is to subject those benefits to the federal income tax. The tax that section 86 levies is on that portion of Social Security benefits that, under the allocation formula in section 86, become a part of gross income.
 

 In treating tax-exempt interest as part of a taxpayer’s “modified adjusted gross income,” section 86 does not impose a tax on that interest. “The formula created in 26 U.S.C. § 86 is to include all amounts of income from whatever source so as to determine how much of the social security income should be taxed.”
 
 Shapiro v. Baker,
 
 646 F.Supp. 1127, 1132 (D.N.J.1986). The tax is a tax on Social Security benefits even though, in determining the amount of those benefits to be taxed, all of the taxpayer’s other income, including tax-exempt income, is considered.
 

 To be sure, as the appellants point out, the effect of including tax-exempt interest in determining a taxpayer’s “modified adjusted gross income” is in some situations to increase the tax. The increased tax, however, results from the inclusion of Social Security benefits in the gross income that is taxed and not from a tax on the interest itself. The indirect effect that including tax-exempt interest in “modified adjusted gross income” has upon the total tax does not convert the tax on Social Security benefits into a tax on the interest. As the Court of Appeals for the Second Circuit pointed out in
 
 Goldin v. Baker,
 
 809 F.2d 187, 190 (1987),
 
 cert. denied,
 
 — U.S. -, 108 S.Ct. 69, 98 L.Ed.2d 32 (1987), in reaching the same conclusion that we do:
 

 Section 86 is merely another example of a federal tax that makes a municipal security marginally less attractive — here, to some persons who also receive social security benefits. A taxpayer who does not receive such benefits is affected only remotely, if at all, by section 86, even if the taxpayer owns municipal bonds. In short, section 86 is not a tax on income from that type of security.
 

 B. The Supreme Court dealt with a similar problem in
 
 United States v. Atlas Life Insurance Co.,
 
 381 U.S. 233, 85 S.Ct. 1379, 14 L.Ed.2d 358 (1965). That case involved a provision of the Life Insurance Company Income Tax Act of 1959 that required the inclusion of tax-exempt interest in a formula affecting the amount of an insurance company’s income that would be taxed. The statute required life insurance companies to allocate a pro rata share of nontaxable income to otherwise tax-exempt reserves, which had the effect of increasing the company’s taxable investment income. The insurance company argued that this allocation resulted in an impermissible tax on its tax-exempt municipal bond interest. As in the present case, there the company’s taxable income would have been lower if tax-exempt interest was not allocated to its nontaxable reserves.
 

 
 *279
 
 The Court rejected the company’s contention that “a tax is imposed on tax-exempt interest whenever the liability of the taxpayer receiving such interest is greater than it would have been if the tax-exempt interest had not been received,” 381 U.S. at 244, 85 S.Ct. at 1385 — the same contention the appellants make here. The Court stated that “the tax laws may require tax-exempt income to pay its way," 381 U.S. at 247, 85 S.Ct. at 1387 and held that “as applied to this case [the allocation formula] did not impose a tax on income excludable under § 103 of the Internal Revenue Code [interest on the obligation
 
 of ... any
 
 political subdivision of [a state]].” 381 U.S. at 251, 85 S.Ct. at 1389.
 

 Although the facts and statutory provisions in
 
 Atlas
 
 were quite different from those in the present case, the basic legal issue is indistinguishable. The Supreme Court’s reasoning in
 
 Atlas
 
 supports, if not compels, our conclusion that the allocation formula in section 86 does not result in a tax on municipal bond interest.
 

 C. The legislative history of section 86 confirms our conclusion that that section resulted in a tax on Social Security benefits and not on tax-exempt municipal bond interest. Section 86 was designed to tax a portion of Social Security income when the recipient also had substantial income from other sources.
 
 See
 
 H.R.Conf.Rep. No. 47, 98th Cong., 1st Sess. 122-23,
 
 reprinted in
 
 1983 U.S.Code Cong.
 
 &
 
 Admin. News 143, 404, 412-13. The tax is intended to strengthen financially the Social Security system by taxing a portion of Social Security benefits, thus providing equal treatment of all forms of retirement benefits, and by using those additional revenues to augment the Social Security fund.
 
 See
 
 S.Rep. No. 23, 98th Cong., 1st Sess. 25-28,
 
 reprinted in
 
 1983 U.S.Code Cong. & Admin. News 143, 166-69. In establishing the allocation formula in section 86, Congress did not intend to tax municipal bond interest. The Senate Committee Report stated:
 

 This provision does not affect the exclusion for interest on tax-exempt obligations. Rather, it merely includes that interest in the base for the purpose of determining the amount of an individual’s social security benefits that will be taxed.
 

 S.Rep. No. 98-23,
 
 supra,
 
 at 27,
 
 reprinted
 
 at 168.
 

 The legislative history of section 86, like that of the statute involved in
 
 Atlas,
 
 shows that “in the opinion of Congress the formula it provided ... did not impose a tax on exempt interest____”
 
 Atlas,
 
 381 U.S. at 242, 85 S.Ct. at 1384.
 

 A further indication that in including municipal bond interest in a taxpayer’s “modified adjusted gross income” Congress did not tax that interest, is the limited extent to which such inclusion increases the tax of a Social Security benefits recipient. If the taxpayer’s “modified adjusted gross income” does not exceed the “base amount,” no portion of Social Security benefits is taxable despite the inclusion of tax-exempt interest. Once the taxpayer reaches the maximum amount of Social Security benefits subject to tax (see point I above), the existence of any additional tax-exempt interest does not increase the amount of tax. If, for example, the appellants in this case had tax-exempt interest of $100,000 instead of the $5,236.59 they actually had, the additional Social Security benefits subject to tax could not have exceeded $2,786.23 (the difference between one-half the Social Security benefits and the amount previously included), and the increase in tax would have been substantially less. The narrow impact of the section 86 formula shows that Congress intended that formula to determine only what portion of Social Security benefits was to be included in and taxed as part of gross income.
 

 CONCLUSION
 

 The judgment of the United States Claims Court dismissing the complaint is
 

 AFFIRMED.