BEN AND HELEN E. LEVINE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Levine v. Commissioner
Docket No. 26688-90
United States Tax Court
T.C. Memo 1992-469; 1992 Tax Ct. Memo LEXIS 484; 64 T.C.M. (CCH) 531; August 18, 1992, Filed *484 Decision will be entered for respondent in the corrected amounts. For Ben Levine and Helen E. Levine: pro se. For Respondent: John Altman. BUCKLEY
BUCKLEY
MEMORANDUM OPINION BUCKLEY, Special Trial Judge: This case was assigned pursuant to the provisions of section 7443A(b)(3) [1] and Rules 180, 181, and 182. Respondent determined a deficiency in petitioners' 1988 Federal income tax in the amount of $ 5,898, [2] together with an addition to tax under the provisions of section 6653(a)(1) in the amount of $ 295. The issues for decision are (1) whether petitioner Ben Levine (hereafter petitioner), aged over 70 years during the year in issue, is subject to self-employment tax, and, (2) if so, whether there was negligence in not reporting such tax on the 1988 return. *485 Some of the facts are stipulated and are so found. Petitioners resided at Sequim, Washington, when they timely filed their petition herein. Petitioner reported net profit from his logging business in the amount of $ 117,942. Petitioner did not report any amount of self-employment income during the year and contends that it is arbitrary to classify him as self-employed, and, further, that there should be no self-employment tax upon a person once he has a vested right in the social security system. Petitioner complains that there is an inherent unfairness in the fact that he received social security payments during the year totaling $ 6,717.60, of which $ 3,358.80 was includable in his taxable income, while he is being required by respondent to make additional contributions to the system. Petitioner at trial raised various due process arguments based upon his interpretation of the Fifth Amendment to the United States Constitution. We have considered this issue before and have held contrary to petitioner's view. Thus, in Steiner v. Commissioner, 55 T.C. 1018 (1971), affd. per curiam D.C. Cir. 1972, we held that a self-employed individual who was a "fully-insured *486 individual" within the meaning of section 214 of the Social Security Act, ch. 809, tit. I (1950) (currently codified at 42 U.S.C. sec. 414 (1988)), because he had over 40 quarters of coverage, and accordingly had his rights to old-age and survivors insurance benefit payments fully vested, nevertheless was required to continue to pay self-employment tax on his earnings. We stated in Steiner, at 1020: "Petitioner's argument is without merit. It finds no support in any provision of the Internal Revenue Code, in any regulation of the Commissioner, in any congressional report, or in any provision of the Constitution." So too here. Nothing has happened in the intervening 21 years since our decision in Steiner to change our view of this matter. We also disagree with petitioner's argument that he is being taxed a second time by including a portion of his social security payments in his taxable income. Petitioner further argues that it is unconstitutional to include tax-exempt interest earned on state bonds into account in determining the amount of social security payments included in income. The courts have held to the contrary. Boli v. United States, 831 F.2d 276 (Fed. Cir. 1987); *487 Goldin v. Baker, 809 F.2d 187 (2d Cir. 1987); Shapiro v. United States, 646 F.Supp. 1127 (D. N.J. 1986). We note that the Supreme Court has held that the social security system is noncontractual in nature and that "each worker's benefits * * * are not dependent on the degree to which he was called upon to support the system by taxation." Fleming v. Nestor, 363 U.S. 603, 609-610 (1960). Petitioners' arguments are without merit. Respondent also determined that petitioners were liable for an addition to tax for negligence under section 6653(a)(1). Negligence under section 6653(a) is lack of due care, or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Respondent's determination that petitioners' underpayment of tax was due to negligence or intentional disregard of rules or regulations is "presumptively correct and must stand unless the taxpayer can establish that he was not negligent." Hall v. Commissioner, 729 F.2d 632, 635 (9th Cir. 1984), affg. T.C. Memo. 1982-337. Petitioners *488 therefore bear the burden of proving that they are not liable for the addition to tax. Rule 142(a); Bixby v. Commissioner, 58 T.C. 757, 791 (1972); Enoch v. Commissioner, 57 T.C. 781, 802 (1972). We have no doubt that petitioner is sincere in his belief that he is being unfairly treated. However, we also recognize that petitioner, an obviously intelligent person, is well aware of the fact that we have held contrary to his position earlier, and that there is no support for his position. Accordingly, we hold that petitioner was negligent in failing to report pay self-employment tax. To give effect to the foregoing, Decision will be entered for respondent in the corrected amounts. Footnotes
1. Section references are to the Internal Revenue Code in effect for the year at issue, unless otherwise indicated; Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. Respondent conceded by memorandum that there was a mathematical error made in computing the tax on self-employment. The correct amount of tax is $ 5,859, and the correct amount of the addition under sec. 6653(a)(1) is $ 293.↩