T.C. Memo. 1996-552

UNITED STATES TAX COURT

MARVIN F. AND PATRICIA A. FOSTER, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15295-95.                    Filed December 19, 1996.

Marvin F. Foster, pro se.

<u>Elizabeth Owen</u>, for respondent.

MEMORANDUM OPINION

DINAN, <u>Special Trial Judge</u>:    This case was heard pursuant
to the provisions of section 7443A(b)(3) and Rules 180, 181, and
182.[1]

---

[1]    Unless otherwise indicated, all section references are
to the Internal Revenue Code in effect for the taxable year in
issue.  All Rule references are to the Tax Court Rules of
Practice and Procedure.

Respondent determined a deficiency in petitioners' Federal income tax for the year 1993 in the amount of $1,700.

The issue for decision is whether petitioners are liable for self-employment tax on income received by Marvin F. Foster (hereinafter referred to as petitioner) for the year 1993.

Some of the facts have been stipulated and are so found. The stipulations of fact and attached exhibits are incorporated herein by this reference. Petitioners resided in Cherokee, Texas, when they filed their petition.

Petitioner was born on June 20, 1928. He was graduated from the University of Texas with a B.A. in 1952 and an LL.B. in 1954. From 1954 until 1976, he practiced law in the State and Federal courts in Texas. From 1976 until 1981, petitioner, his wife, and his son had a corporate business in San Antonio.

In about 1982, petitioners purchased a ranch in San Saba County, Texas, and retired to the ranch in 1985. They raised cattle, goats, and horses on the ranch, and petitioner practiced what little law he had to in order to supplement his income.

From 1987 until 1991, petitioner was employed by the Texas State Comptrollers Office as the attorney for the Enforcement Division. In 1991, petitioner left his State employment and returned to his private law practice and semi-retirement. In March 1991, he applied for Social Security benefits.

On his 1993 Schedule C, petitioner returned self-employment income of $16,906.  Petitioners also reported on their joint Federal return Social Security benefits of $16,677.  Petitioner did not report any self-employment tax on the 1993 return.

Upon audit of their 1993 Federal income tax return, respondent determined that petitioners are liable for self-employment tax of $1,700.

Petitioner contends that for 1993, he should not have been "required to pay a self-employment tax or old age, survivor, and disability tax on self-employed income, is because (sic) I am now drawing the full entitlement under Social Security that I will ever draw."

We have previously considered and rejected petitioner's argument.  In Steiner v. Commissioner, 55 T.C. 1018 (1971), affd. per curiam 72-1 USTC par. 9327, 29 AFTR2d 72-848 (D.C. Cir. 1972), we held that a self-employed individual who was a "fully insured individual" within the meaning of Title 42 U.S.C. sec. 414(a)(2) (Social Security Act), because he had over 40 quarters of coverage, and accordingly, had his rights to old-age and survivor benefit payments fully vested, nevertheless was required to continue to pay self-employment tax on his earnings.  We said in Steiner v. Commissioner, supra at 1020: "Petitioner's argument is without merit.  It finds no support in any provision of the Internal Revenue Code, in any regulation of the Commissioner, in any congressional report, or in any provision of the

Constitution."  See also <u>Levine v. Commissioner</u>, T.C. Memo. 1992-469.

Our holding in <u>Steiner</u> is equally applicable to this case. In accordance with the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.