T.C. Memo. 2001-283

UNITED STATES TAX COURT

WILLIAM RICHARD BAKER, JR., Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5596-99.                    Filed October 12, 2001.

William Richard Baker, Jr., pro se.

Edsel Ford Holman, Jr., for respondent.


MEMORANDUM OPINION

RUWE, Judge:  This matter is before this Court on

respondent's motion for partial summary judgment, which was filed

pursuant to Rule 121.[1]  The issues for decision are whether

---

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the taxable years in
issue, and all Rule references are to the Tax Court Rules of
                                        (continued...)

petitioner's net earnings from his law practice are subject to self-employment taxes and whether payment of those taxes is voluntary. At the time the petition in this case was filed, petitioner resided in Knoxville, Tennessee.

Petitioner did not file timely a Form 1040, U.S. Individual Income Tax Return, for taxable years 1995 and 1996. On December 22, 1998, respondent issued a notice of deficiency in which he determined the following deficiencies and additions to tax:

|        |            | Additions to Tax |            |
| Year   | Deficiency | Sec. 6651(a)(1)  | Sec. 6654  |
|--------|------------|------------------|------------|
| 1995   | $68,735    | $17,183.75       | $3,727.01  |
| 1996   | 12,245     | 3,061.25         | 651.74     |

Some of the deficiencies were attributable to petitioner's failure to report or otherwise pay self-employment taxes.

On March 23, 1999, petitioner filed a timely petition to this Court. On July 7, 2000, petitioner executed Federal income tax returns for taxable years 1995 and 1996. On the Schedules C, Profit or Loss from Business, attached to those returns, petitioner reported net income of $116,814 for taxable year 1995 and $41,111 for taxable year 1996. The Schedules C showed that the income was derived from Mr. Baker's business or profession as an "Attorney". On the Schedules SE, Self-Employment Tax,

---

[1](...continued)
Practice and Procedure.

petitioner calculated his self-employment tax liability to be $10,717 for taxable year 1995 and $5,809 for taxable year 1996.

On July 11, 2000, respondent issued interrogatories to petitioner in which he asked: "In your petition to the Tax Court you indicate that the respondent's self-employment tax computation is erroneous. Please describe in detail why the respondent's self-employment tax computation is incorrect and what you believe the correct self-employment computation to be." Petitioner replied: "See tax returns--Respondent asserts also that self-employment taxes are voluntary and Respondent does not volunteer SE taxes for 95 or 96."

Respondent contends that the self-employment tax is not voluntary and that petitioner is liable for self-employment tax on the net earnings from his law practice as reported on petitioner's belatedly filed 1995 and 1996 Federal income tax returns.

Under Rule 121(a), either party may move for summary judgment upon all or part of the legal issues in controversy. A motion for partial summary judgment will be granted where there is no genuine issue as to any material fact relevant to the particular issue involved. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). The burden is on the moving party, respondent, to prove the nonexistence of a genuine issue as to any material fact

and that he is entitled to judgment as a matter of law.  FPL Group, Inc. & Subs. v. Commissioner, 116 T.C. 73, 74-75 (2001). In all cases, the evidence must be viewed in the light most favorable to the nonmoving party, petitioner.  Blanton v. Commissioner, 94 T.C. 491, 494 (1990).

Petitioner has failed to respond to respondent's motion for partial summary judgment and this Court's order dated August 24, 2001, which states:  "That petitioner shall, on or before September 24, 2001, file a response to the above motion for partial summary judgment."  When a motion for summary judgment is made, the nonmoving party cannot rely upon the allegations or denials in its pleading but must demonstrate with specific facts that there is a genuine issue for trial.  King v. Commissioner, 87 T.C. 1213, 1217 (1986); Shepherd v. Commissioner, T.C. Memo. 1997-555.  Under Rule 121(d), if the adverse party, petitioner herein, does not respond to the motion for summary judgment, then this Court may enter a decision where appropriate against that party.  King v. Commissioner, supra at 1217; Shepherd v. Commissioner, supra.  We could enter a decision against petitioner without elaboration; however, we shall address the contentions petitioner raised in his petition and in the interrogatories.

In his petition, petitioner claimed that the self-employment tax deficiency was erroneously included in the notice of

deficiency issued by respondent. In response to interrogatories issued by respondent, petitioner argued that self-employment taxes were voluntary and that he was, therefore, not required to make payment for those taxes.

It is well established that the obligation to pay self-employment taxes is mandatory so long as the requirements of section 1401 are met. Eanes v. Commissioner, T.C. Memo. 2000-252; see also United States v. Lee, 455 U.S. 252 (1982); Crouch v. United States, 665 F. Supp. 813 (N.D. Cal. 1987); Tyng v. Commissioner, T.C. Memo. 1985-399, affd. without published opinion 809 F.2d 930 (D.C. Cir. 1987). In Eanes, this Court rejected a taxpayer's argument that the self-employment tax was a voluntary "contribution". Id. We also stated:

> Self-employment tax is assessed and collected as part of the income tax, must be included in computing any income tax deficiency or overpayment for the applicable tax period, and must be taken into account for estimated tax purposes. See sec. 1.1401-1(a), Income Tax Regs.

Petitioner has a mandatory obligation to pay self-employment taxes if the requirements of section 1401 are met. A genuine issue of material fact is not presented with respect to the voluntariness of the self-employment tax.

Section 1401(a) and (b) imposes a percentage tax on self-employment income of every individual for the benefit of old age, survivors, disability insurance, and hospital insurance. Self-employment income is defined as: "the net earnings from self-

employment derived by an individual * * * during any taxable year". Sec. 1402(b). Net earnings from self-employment is then defined as: "the gross income derived by an individual from any trade or business carried on by such individual, less the deductions allowed by this subtitle which are attributable to such trade or business". Sec. 1402(a); Eanes v. Commissioner, supra.

In his motion for partial summary judgment, respondent takes the position that petitioner is liable for self-employment tax on petitioner's net profits from his law practice. On petitioner's Forms 1040 for taxable years 1995 and 1996, he reported that net profits were derived from his business or profession as an "Attorney". Petitioner's income tax returns reported net profits from self-employment of $116,814 for taxable year 1995 and of $41,111 for taxable year 1996. On Schedules SE of those returns, petitioner reported a self-employment tax due of $10,717 for taxable year 1995 and of $5,809 for taxable year 1996. Respondent has agreed that those calculations correctly reflect petitioner's self-employment tax liability for the taxable years at issue.

On the basis of petitioner's failure to respond to respondent's motion for partial summary judgment and on the basis of the circumstances above, we find that a genuine issue of material fact does not exist regarding petitioner's liability for

the self-employment taxes reported by petitioner on his 1995 and 1996 tax returns.  Accordingly,

<u>An appropriate order will be issued granting respondent's motion for partial summary judgment</u>.