**UNITED STATES of America,**
**Plaintiff,**

v.

**Louis William WILLIAMS, Defendant.**

**Civ. No. 15784.**

United States District Court
E. D. New York.

Jan. 6, 1958.

Cornelius W. Wickersham, Jr., U. S. Atty., Brooklyn, N. Y., by Elliott Kahaner, Asst. U. S. Atty., Brooklyn, N. Y., for plaintiff.

Jean A. Fitzsimmons, New York City, for defendant.

INCH, Chief Judge.

This is a suit by the Government against a taxpayer to recover the sum of $3,024.83, with interest, which was begun on August 11, 1955.

The complaint, in substance, alleges that on or about October 12, 1949, the Commissioner of Internal Revenue assessed a deficiency income tax for 1944 against the taxpayer in the sum of $3,024.83, and the assessment list carrying said assessment was received in the office of the local Collector of Internal Revenue, that thereafter and prior to the institution of this suit, notice and demand for payment of said tax was made upon the taxpayer by said Collector and that no part of said sum has been received by said Collector in payment thereof. The answer, in substance, alleges that the taxpayer is without sufficient knowledge or information to form a belief as to the truth of the allegations in the complaint with respect to said assessment and admits the allegations in the complaint with respect to said notice and demand and said nonpayment and sets forth a defense that said assessment was and is illegal and void, in that no notice of a deficiency was mailed to the taxpayer, as required by statute, and this suit is void and of no force and effect, because it is based on an illegal and void assessment, in violation of statute, a defense that this suit is barred by a six-year statute of limitations and a defense that, in truth and fact, this suit is a proceeding to recover an erroneous refund and is barred by a two-year statute of limitations.

At the trial no testimony was offered, but a stipulation of facts and defendant's interrogatories with plaintiff's answers and supplemental answers thereto were received in evidence, as Court Exhibits No. 1 and No. 2, respectively, and counsel for both parties presented their oral arguments on the facts and the law. Thereafter, they submitted four briefs thereon.

The facts agreed to be true by said stipulation, and the exhibits annexed thereto, are as follows:

1. On March 14, 1945, defendant filed his income tax return for the calendar year 1944. (Annexed are true copies of said return and the schedule of itemized traveling expenses, marked Exhibit A, and a photostat copy of the original of said return, marked Exhibit A–1.)

2. On January 9, 1946, a check for $2,623.03, a letter and a notice of refund were mailed by the Treasury Department to defendant; subsequently, said check, letter and notice were received by defendant. (Annexed are photostat copies of the originals of said letter and notice, marked Exhibit B.)

3. On June 3, 1948, a 30-day letter, setting forth a proposed deficiency in the sum of $2,369.80, with a report, stating the reasons therefor, were mailed to and received by defendant. (Annexed are photostat copies of said letter and report, marked Exhibit C.)

4. On or about July 2, 1948, defendant set a letter protesting said proposed deficiency to the Internal Revenue Agent in Charge. (Annexed is a copy of said letter, marked Exhibit C–1.)

5. No jeopardy assessment was made.

6. Defendant executed consents, extending the time for assessing income tax to June 30, 1949 and June 30, 1950. (Annexed are copies of said consents, marked Exhibits D and E.)

7. On August 12, 1949, the Commissioner of Internal Revenue assessed a tax for 1944 against defendant in the sum of $3,024.83. On August 16, 1949, the assessment list was received in the office of the local Collector of Internal Revenue.

8. A notice and demand dated September 13, 1949, for payment of said tax and interest thereon was received by defendant. (Annexed is a copy of said notice and demand, marked Exhibit F.)

Plaintiff, in its supplemental answers to defendant's interrogatories, showed that the sum of $3,024.83 was based on a deficiency, but stated that it does not claim any deficiency income tax for 1944, and that no notice of a deficiency was mailed to defendant.

In the oral argument on the facts and the law, plaintiff's counsel, in substance, contended that this suit is a suit for the recovery of an erroneous refund in the sum of $3,024.83, with interest, although, on August 12, 1949, the Commissioner of Internal Revenue assessed a deficiency tax against defendant in said sum, and, on August 11, 1955, within six years after said assessment, this suit was begun against defendant to recover said tax in said sum, and defendant's counsel, in substance, contended that, according to the complaint, plaintiff's answers to defendant's interrogatories and the evidence, this suit is a suit to recover a deficiency income tax assessed against defendant in the sum of $3,024.-83, and, as such, it is not legally authorized or maintainable, because it is based upon an invalid and void assessment, in that the determination of the assessment was arbitrary and excessive and void and the assessment was made without the mailing to the defendant of the statutory notice of a deficiency, and it is barred by the six-year statute of limitations and viewing this suit as a suit for the recovery of an erroneous refund, it is barred by the two-year statute of limitations.

In plaintiff's main brief, plaintiff's counsel contended that, this suit having been instituted to recover an erroneous refund, plaintiff was not required to mail the statutory notice of a deficiency to defendant, that, this suit having been instituted to collect a deficiency tax assessed against defendant within six years after said assessment, it is not barred by the six-year statute of limitations, and that, although this suit is a suit to recover an erroneous refund, it is not barred by the two-year statute of limitations. In defendant's main brief, defendant's counsel contended that the determination of the deficiency assessment in the sum of $3,024.83 was arbitrary, excessive and void, that said assessment is illegal and void, in that no notice of deficiency was mailed to defendant, and that this suit, viewed as a suit to recover an erroneous refund, is barred by the two-year statute of limitations. In plaintiff's reply brief plaintiff's counsel contended that the determination of said assessment was not arbitrary, excessive and void. In defendant's reply brief defendant's counsel contended that plaintiff had failed to establish that it was not required to mail the statutory notice of a deficiency to defendant, and that plaintiff had failed to show that this suit, viewed as a suit to recover an erroneous refund, was not barred by the two-year statute of limitations.

■ After carefully considering the pleadings, said stipulation and exhibits annexed thereto, said interrogatories and answers thereto, said oral arguments and said briefs, I have reached the following conclusions:

1. (a) That this suit is a proceeding for the collection of a deficiency in respect of an income tax for 1944, assessed against defendant by the Commissioner of Internal Revenue, in the sum of $3,-024.83.

(b) That this suit is not legally authorized or maintainable, because it is based upon an illegal and void assessment of such deficiency, in that the determination of said assessment was arbitrary, excessive and void, and the said assessment was made without the mailing to defendant of notice of such deficiency, as required by Section 272(a) (1) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 272(a) (1).

(c) That this suit is not legally authorized or maintainable, because it was begun and prosecuted without the mailing to defendant of notice of such deficiency, as required by Section 272(a) (1) of the Internal Revenue Code of 1939.

■ (d) That this suit is barred by the six-year statute of limitations (Section 276(c) (1) of the Internal Revenue Code of 1939), because it was not begun within six years after a legal and valid assessment of said tax, to wit, an assessment of said tax made after the mailing to defendant of notice of such deficiency, as required by Section 272(a)

(1) of the Internal Revenue Code of 1939.

2. That this suit, viewed as a suit for the recovery of an erroneous refund, is barred by the two-year statute of limitations (Section 3746(b) of the Internal Revenue Code of 1939), because it was not begun before the expiration of two years after the making of such refund, in that the refund was made on January 9, 1946, and this suit was begun on August 11, 1955, more than nine years thereafter.

Therefore, I direct that judgment be entered, in favor of defendant, dismissing the complaint.