**UNITED STATES of America,**
Appellee,

v.

**Hattie E. BALL and Opal B. Cooley,**
Appellants.

No. 8920.

United States Court of Appeals
Fourth Circuit.

Argued June 13, 1963.

Decided Jan. 7, 1964.

LeRoy Katz, Bluefield, W. Va. (Katz, Katz & Kantor, Bluefield, W. Va., on brief), for appellants.

Michael A. Mulroney, Attorney, Department of Justice (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson and Joseph Kovner, Attorneys, Department of Justice, and Thomas B. Mason, U. S. Atty., on brief), for appellee.

Before HAYNSWORTH and BOREMAN, Circuit Judges, and WINTER, District Judge.

WINTER, District Judge.

When Dr. Lomas E. Ball (taxpayer) departed from his residence at Big Stone Gap, Virginia, in February, 1957, went to Mexico on a permit for temporary sojourn, leaving unpaid income taxes for the year 1954, and remained in Mexico at least until July 10, 1962, the United States purported to make an assessment for unpaid income taxes, amounting to $10,381.13 with penalties, and to perfect a tax lien. The United States then instituted this suit to enforce the lien and thus to collect the assessment, with interest from March 27, 1957. The United States sought to enforce the lien against the cash surrender value of certain life insurance policies insuring the life of the taxpayer, which named appellants as the revocable primary and contingent beneficiaries. As of June 29, 1959 the policies had an aggregate cash surrender value and accumulated dividends in the amount of $11,212.03. From a summary judgment for the United States directing payment to it of the aggregate cash surrender values and accumulated dividends of the various policies and releasing the insurers from further liability to the taxpayer or the beneficiaries, this appeal is taken. The insurers, who were parties defendant in the proceedings below, have not appealed.

The following facts were stipulated: The taxpayer left Big Stone Gap on February 5, 1957 and, on February 27, 1957, he flew his private plane to Mexico. From that date until the date of stipulation (July 10, 1962), the taxpayer has remained outside of the United States, and his last known address has been Oaxaco, Oax, Corroco, Areo, Mexico. On March 27, 1957 an assessment, amounting to $10,381.13, was made against him, based upon his income for the year 1954. Also assessed was a penalty, in the sum of $4,407.54, which was not sought to be recovered in this suit. On April 1, 1957 notice and demand for payment of said assessment were mailed, by certified mail, to the taxpayer, directed to his last known address, at Big Stone Gap, Virginia. This notice and demand were sent

in compliance with § 6303 of the Internal Revenue Act of 1954, 26 U.S.C.A. § 6303,[1] and the notice was received by the taxpayer's secretary, who was authorized to receive his mail, and who gave a receipt therefor. A notice of tax lien was filed on April 1, 1957 with the Clerk of the Circuit Court of Wise County, Virginia, and duly docketed. The purported assessment has not been paid.

The lower court granted summary judgment for the United States. It cited § 6303(a) as the only requirement of law relating to notice, found that following the tax assessment notice and demand were made on April 1, 1957, by means of certified mail, and received and receipted for by the taxpayer's secretary, and concluded that "there was substantial compliance by the Government with the requirements of the Internal Revenue Code relating to notice and demand * * *."

The lower court also cited United States v. Metropolitan Life Insurance Co., 256 F.2d 17 (4 Cir. 1958), which held that a taxpayer had a property interest in insurance policies on his life where, as in the case at bar, he retained control over the cash surrender value and possessed the right to designate or change the beneficiaries, and that this property interest could be subjected to the satisfaction of a tax lien, 26 U.S.C.A. § 6321. The lower court pointed out that in the Metropolitan case the notice of lien was filed with the Clerk of the County Court at Parkersburg, West Virginia before the taxpayer absconded. Deeming the only issue to be decided was the question of whether the deficiency assessment could be made and the tax lien asserted after the taxpayer had left the United States, the lower court held that the taxpayer's departure for Mexico for an indefinite period was no bar to the Government's right to judgment, and granted summary judgment.

■ With this holding of the lower court, we agree. The notice sections of the Internal Revenue Code, 26 U.S.C.A. §§ 6303(a) and 6212(a), which we discuss more fully hereafter, both permit notice to be sent to the taxpayer's "last known address." This we deem to be evidence of Congressional intent that the Government's right to collect taxes due and owing to the United States may not be defeated by the flight of a taxpayer before or after a deficiency assessment is made. Although unnecessary to the result we reach, we express this view because in the further proceedings that we direct be taken the issue may be important. The "death" cases cited by appellants, Commissioner of Internal Revenue v. Stern, 357 U.S. 39, 78 S.Ct. 1047, 2 L.Ed.2d 1126 (1958), and United States v. Bess, 357 U.S. 51, 78 S.Ct. 1054, 2 L.Ed.2d 1135 (1958), do not indicate a different conclusion on this issue. The Stern case decides, and the Bess case intimates, that the death of a taxpayer prior to the assessment of a tax deficiency against him renders the assessment ineffective to reach the cash surrender value of an insurance policy on his life where state law does not preserve any right in a creditor after the insured's death. Obviously, a deficiency which subsequently ripens to a lien cannot apply to property of which the taxpayer was divested by reason of his death before the assertion of a contrary interest by the United States, unless state law preserves the right of the United States and other creditors to pursue the property.

To place our holding in regard to the lower court's decision as to the sufficiency of notice in its proper perspective, we must consider two of the alternative means of collection of unpaid income taxes provided for by the Internal Revenue Code 1954. In the usual case, §

1. "§ 6303. Notice and demand for tax "(a) General Rule.—Where it is not otherwise provided by this title, the Secretary or his delegate shall, as soon as practicable, and within 60 days, after the making of an assessment of a tax pursuant to section 6203, give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof. Such notice shall be left at the dwelling or usual place of business of such person, or shall be sent by mail to such person's last known address."

6212(a) of the Code, 26 U.S.C.A. § 6212(a), requires the Government, as a first step, to send a notice of deficiency to the taxpayer, by registered mail.[2] Thereafter, the Government may make an assessment of unpaid tax (26 U.S.C.A. § 6201), provided that the assessment is made within the period of time after the notice of deficiency prescribed by 26 U.S.C.A. § 6213. Once the assessment has been made, § 6303(a) of the Code, 26 U.S.C.A. § 6303(a),[3] requires notice and demand for payment of the tax as a condition precedent to the taking of additional steps to enforce its collection and payment.

Thus, in the usual case the Code contemplates the giving of two notices by the Government, first, the notice required by § 6212(a) of a deficiency, and the notice required by § 6303(a) of assessment and demand for payment. The notice of deficiency is specified to be by registered mail (26 U.S.C.A. § 6212(a)), while no such restriction is applicable to the notice of assessment and demand for payment (26 U.S.C.A. § 6303(a)).

In recognition that during the time required to carry out the usual method of making a deficiency assessment taxpayers may in certain instances defeat collection of the tax, the Code also provides for an accelerated procedure, i. e., a jeopardy assessment. The jeopardy assessment is authorized by § 6861 of the Code, 26 U.S.C.A. § 6861,[4] but the jeopardy assessment, if made before any notice of a deficiency, must, by § 6861(b), be followed by the notice required by § 6212(a), 9 Mertens, Law of Federal Income Taxation, § 49.146. As has been shown, notice under § 6212(a) must be by registered mail. Stated otherwise, even though a jeopardy assessment is made, two notices to the taxpayer are still required, one of which must be by registered mail. The failure to send notice by registered mail in compliance with § 6212(a) is fatal to a jeopardy assessment, during the period that § 6212(a) permitted only notice by registered mail, 9 Mertens, Law of Federal Income Taxation, §§ 49.133, 49.146. Contra, Cohen v. United States, 297 F.2d 760, 773 (9 Cir. 1962) (dictum).

It seems clear in this case that the taxpayer was proceeded against by the jeopardy assessment route. The validity of the tax lien to serve as a basis for the judgment granted here depends upon whether the notice requirements of § 6212(a) were met, because 26 U.S.C.A. §§ 6321 and 6322, which create tax liens, require, *inter alia,* a valid assessment. It has been stipulated that a notice pursuant to § 6303 was sent by certified mail, but that notice is not made part of the record, and any other notice which may have been sent in compliance with §

2. "6212. Notice of deficiency
"(a) In general.—If the Secretary or his delegate determines that there is a deficiency in respect of any tax imposed by subtitles A or B, he is authorized to send notice of such deficiency to the taxpayer by registered mail."
6212(a) was amended by Pub.L. 85–866, § 89(b) to provide that the notice it requires may be sent by certified mail, as well as by registered mail. The amendment was not effective until September 2, 1958, and the parties here concede that the amendment is inapplicable to this case.

3. See footnote 1, supra.

4. "§ 6861. Jeopardy assessments of income, estate, and gift taxes
"(a) Authority for making.—If the Secretary or his delegate believes that the assessment or collection of a deficiency, as defined in section 6211, will be jeopardized by delay, he shall, notwithstanding the provisions of section 6213(a), immediately assess such deficiency (together with all interest, additional amounts, and additions to the tax provided for by law), and notice and demand shall be made by the Secretary or his delegate for the payment thereof.
"(b) Deficiency letters.—If the jeopardy assessment is made before any notice in respect of the tax to which the jeopardy assessment relates has been mailed under section 6212(a), then the Secretary or his delegate shall mail a notice under such subsection within 60 days after the making of the assessment."

6212(a) is not made part of the record or referred to therein.

The full text of the pertinent portions of the stipulation is set forth in the margin.[5] Appellee contends (1) that the stipulation, by asserting that the assessment remains "due and owing" necessarily admits its validity, so that no issue of the validity of notice is presented to this Court, but, in any event, (2) that appellants failed to raise any question as to the validity of notice in the lower court so that that issue is foreclosed here.

■ We reject both of appellee's contentions. The stipulation nowhere expressly reflects an agreement that the assessment was valid; nor do we construe the stipulation to have this effect impliedly. At most, we read the stipulation to mean that the assessment has not been paid and that a notice in compliance with § 6303 was mailed by certified mail. Indeed, not until after argument, when appellee filed a supplemental memorandum, did appellee ever suggest that the stipulation had any other effect. Prior to then appellee was content to assert that § 6212 related solely to Tax Court jurisdiction, and appellee failed to recognize the possible effect of § 6212 on the validity of the assessment.

■■ Appellee's second contention is equally lacking in merit. Appellee sought and obtained summary judgment. It was incumbent on appellee to show that there was no "genuine issue as to any material fact" and that appellee was entitled "to a judgment as a matter of law," Fed.Rules of Civil Procedure, Rule 56. From what we have said, the validity of the lien was dependent upon the valid-ity of the assessment which in turn depended upon the validity of the notice of deficiency. The complaint failed to allege the giving of notice of deficiency; the answer did not admit the fact; nor did the stipulation or affidavit establish it. Appellee thus failed in this regard to meet its burden, unless it be held that appellants have waived this possible defense.

The complaint impliedly, but not specifically, alleged jurisdiction in the lower court. In their second defense, appellants impliedly denied jurisdiction because they alleged that they were without knowledge or information sufficient to form a belief as to the truth of all of the allegations of the complaint except the allegation that the appellee is "a corporation sovereign and body politic." From the pleadings any issue about the validity of notice of deficiency, if present at all, was obscure. The opinion of the lower court does not disclose that the possible effect of a failure to send a notice of deficiency by registered mail, as required by § 6212(a), was argued and decided. Notwithstanding, it cannot be said that this contention has been waived on appeal, because § 6213 (a), 26 U.S.C.A. § 6213(a), provides that "Except as otherwise provided in section 6861 no assessment of a deficiency in respect of any tax * * * and *no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer * * *.*"[6] (Emphasis supplied.) Indeed, § 6213(a) even authorizes the granting of an injunction, *inter alia*, prohibiting the beginning of a court pro-

---

5. "3. On March 27, 1957, a federal income tax assessment in the sum of $10,381.13 was made against the income of Lomas E. Ball for the year 1954.

   "4. On April 1, 1957, notice and demand for said assessment were made by means of certified mail, addressed to Lomas E. Ball at Big Stone Gap, Virginia, his last known address, in accordance with Section 6303, Internal Revenue Code of 1954.

   "5. Notice of tax lien was filed on April 1, 1957 at 11:00 A. M. with the Clerk of the Circuit Court of Wise County, Virginia, the same being docketed in Judgment Lien Docket 30, at page 130.

   "6. Said assessment, with interest thereon, as allowed by law, remains due and owing to the United States of America."

6. As has been shown, § 6861 makes no contrary provision in regard to notice of deficiency. While § 6861 makes a contrary provision for assessment, it makes no such provision for court proceedings for collection.

ceeding for collection during the prohibited period. We conclude, therefore, that the failure of appellee, at least when seeking summary judgment, to establish affirmatively the absence of dispute as to notice in compliance with § 6212(a) was a defect jurisdictional in nature, and not capable of cure by appellants' failure to raise and present it squarely to the lower court.

From what has been said, it follows that the judgment of the lower court must be vacated and the case remanded to the lower court for further proceedings, by renewal of the motion for summary judgment or by trial, for a determination of whether the notice requirements of § 6212(a) were met by appellee.

Reversed and remanded.