HARVEY R. OLIVER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Oliver v. Commissioner
Docket No. 5242-69 SC.
United States Tax Court
T.C. Memo 1973-187; 1973 Tax Ct. Memo LEXIS 98; 32 T.C.M. (CCH) 876; T.C.M. (RIA) 73187; August 27, 1973, Filed Eli Smuckler, for the respondent. DRENNEN
MEMORANDUM OPINION DRENNEN, Judge: In September 1969, petitioner received an undated document from respondent which informed him that he owed $405.90 in additional taxes for his tax year ending 2 December 31, 1966. Respondent determined that the additional amount was due because petitioner, the sole proprietor of his own business, had failed to pay his 1966 self-employment taxes. The document petitioner received, which is commonly known as a notice of tax due or tax bill, indicated that his failure to pay the self-employment tax was *99 due to a computational error made by him on his return, and it further informed him that respondent was assessing him for that amount, plus interest. On the basis of the notice of tax due petitioner filed a petition with this Court on October 16, 1969, contesting the entire amount of the self-employment tax assessed against him. The petition was grounded on petitioner's argument that prior to 1966 he had paid the self-employment tax for 40 consecutive quarters, thus becoming a "fully insured" participant, and he, therefore, was no longer liable for any additional self-employment tax contributions. Respondent filed a motion to dismiss petitioner's case on November 3, 1969, based on the ground that no notice of deficiency had been issued, and the Tax Court, therefore, had no jurisdiction over the dispute. On December 6, 1969, petitioner 3 filed an objection to respondent's motion to dismiss in which he argued that he had made no computational error on his return and that the notice of tax due had given him sufficient notice of the respondent's determination to constitute a notice of deficiency for purposes of section 6212, I.R.C., 1954. Contemporaneous with petitioner's *100 dispute, three additional petitions were filed with the Tax Court by other taxpayers in response to similar notices of tax due received by them and which indicated that they had failed to pay their 1966 self-employment taxes that were due. The three taxpayers made the same argument as the petitioner herein. The three other taxpayers were clients of the petitioner herein. Because of the common legal issue involved, this Court agreed to continue the four cases and the respondent agreed to issue one notice of deficiency in order that a test case might decide the controversy. Petitioner, however, did not agree to be bound by the outcome of the test case. Subsequently, this Court decided the case of Solomon Steiner, 55 T.C. 1018 (1971), affirmed per curiam (C.A.D.C., 1972), certiorari denied by the United States Supreme Court October 10, 1972, in which it was held that notwithstanding the fully insured status of the petitioner therein for social security purposes, he was still liable for the full 4 amount of the self-employment tax that he had failed to pay, plus statutory interest thereon. On September 7, 1971, petitioner filed a memorandum with this Court in which *101 he again argued that the notice of tax due issued him was sufficient to constitute a notice of deficiency. On October 19, 1971, a document was filed with this Court entitled Joint Motion to Grant Respondent's Motion(s) to Dismiss for Lack of Jurisdiction Upon the Condition that Statutory Notices of Deficienty be Issued. Pertinent parts of the motion read as follows: 3. The parties have now agreed that the respondent's motion to dismiss each of the above-entitled cases for lack of jurisdiction is wellfounded and that it should be granted. 4. The respondent agrees that, with the exception of the case of Harvey R. Oliver, Docket No. 5242-69 "SC," statutory notices of deficiency will be issued to the above-mentioned petitioners, so that the legal question they have attempted to raise by filing petitions to the Tax Court from notices of tax due can properly be brought before this Court. 5. The parties agree that no statutory notice of deficiency will be issued in the case of Harvey R. Oliver, Docket No. 5242-69 "SC" because of the statute of limitations problems that would be encountered if the respondent abated the assessment made against Mr. Oliver for the taxable year 1966. *102 However, the respondent agrees to act administratively to treat Mr. Oliver's case in a manner that is consistent with the result that is reached in the cases in which statutory notices of deficiency will be issued. 5 6. The respondent has no objection to the Court withholding its ruling on the MOTION TO DISMISS FOR LACK OF JURISDICTION it has filed in each of these cases until the aforementioned statutory notices of deficiency have been issued to the petitioners, and they have filed petitions to the Tax Court, or the period for filing a petition from such statutory notices of deficiency has expired. Following the joint motion respondent refiled its motion to dismiss for lack of jurisdiction on November 9, 1972. A hearing on the motion was held on March 14, 1973, wherein respondent restated his ground for the requested dismissal of the case and requested permission to file a memorandum of points and authorities in support thereof. Petitioner was not represented at the hearing. Respondent filed his memorandum with this Court on April 12, 1973, wherein he made the agrument that (1) petitioner made an oversight in processing his 1966 return which caused him to fail to *103 include the self-employment tax he owed for that year; (2) respondent had sent him a notice of tax due which merely informed him that the tax was owing; and (3) respondent had never sent petitioner a notice of deficiency upon which jurisdiction in this Court could be gained.Attached to the memorandum was a document which purported to be a copy of petitioner's 1966 return. On April 25, 1973, petitioner filed a Memorandum Concerning Respondent's Points and Authorities. Therein 6 petitioner argued that the notice of tax due should constitute a notice of deficiency and further, the copy of petitioner's 1966 return which was attached to respondent's memorandum of April 12, 1973, contained a 1968 Schedule C-3 which had been completed by one of respondent's agents so as to give the appearance that petitioner had in fact made a computational error on his 1966 return. Respondent filed a response to petitioner's memorandum on June 19, 1973, in which he argued that whether or not the Schedule C-3 was the form filed with petitioner's original return is irrelevant and that his agent was acting within his authority if he added the 1968 schedule. Respondent also filed a Motion to Compel *104 Production of Documents in which he requested this Court to compel petitioner or his attorney to produce any copy of petitioner's original 1966 return for inspection so that it could be determined what was stated on the 1966 Schedule C-3. Confronted with his plethora of pleadings, we are here concerned with respondent's motion to dismiss for lack of jurisdiction which we grant. The basis for our decision to grant respondent's motion is the fact that petitioner has never received a formal notice of deficiency, a statutory prerequisite to Tax Court jurisdiction. Section 6213(a), I.R.C., 1954. 7 While we are mindful of the fact that respondent may have abused his discretion by treating the tax deficiency as a computational error and not issuing a notice of deficiency to petitioner, nevertheless, the law is clear that without a notice of deficiency the Tax Court has no jurisdiction over tax matters purportedly in controversy. However, given the joint motion to dismiss of October 19, 1971, and the informal agreement surrounding the Solomon Steiner case, we cannot say whether petitioner has been irretrievably harmed by respondent's failure to bring his case within the substantive *105 jurisdiction of this Court. If petitioner has suffered such a detriment his redress should be pursued in the appropriate Federal district court where he might seek an injunction or other remedy against the respondent. See United States v. Williams, 161 F. Supp. 158 (E.D.N.Y. 1958). Since our decision on respondent's motion to dismiss dispenses with any need to rule on the other motions concerning this case, we will not endeavor to rule on them. We do note with displeasure, however, that respondent's agents may have abused their discretion by adding a completed 1968 Schedule C-3 to petitioner's 1966 return. An appropriate order granting respondent's motion to dismiss will be entered.