BASDEO BALKISSOON AND GLORIA BALKISSOON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Balkissoon
Docket No. 32121-86
United States Tax Court
T.C. Memo 1992-322; 1992 Tax Ct. Memo LEXIS 351; 63 T.C.M. (CCH) 3104; June 8, 1992, Filed *351 Decision will be entered for respondent with respect to the deficiency in tax, the increased interest under section 6621(c), formerly section 6621(d), and the addition to tax under section 6651(a)(1), and for petitioners with respect to the additions to tax under section 6653(a)(1) and (2). Brett Weiss, for petitioners. Ronald D. Pinsky and James F. Hogan, for respondent. KORNER
KORNER
MEMORANDUM FINDINGS OF FACT AND OPINION KORNER, Judge: By notice of deficiency dated May 5, 1986, respondent determined with respect to petitioners' 1981 Federal income tax a deficiency in the amount of $ 33,268.58; additions to tax pursuant to section 6653(a)(1) [1] and (2); an addition to tax under section 6651(a)(1); and liability for increased interest on the deficiency pursuant to section 6621(c), formerly section 6621(d). [2]
*352 The issues for decision are: (1) Whether the period of limitations for the year at issue was validly extended; and (2) whether the notice of deficiency in this case was defective, because, petitioners allege, it was improperly mailed. FINDINGS OF FACT Some of the facts have been stipulated and are so found; the stipulation and the accompanying exhibits are incorporated herein by this reference. Petitioners Basdeo and Gloria Balkissoon resided in Bethesda, Maryland, at the time the petition in this case was filed. Petitioners' joint Federal income tax return for 1981 was filed on August 30, 1982. A Special Consent to Extend the Time to Assess Tax, Form 872-A (hereinafter Form 872-A or extension), for 1981 was executed by petitioners on April 12, 1985. James O'Brien (O'Brien), a duly authorized employee of respondent's district director, signed the extension on May 20, 1985. The Form 872-A was not executed by an employee of the regional director of Appeals. Respondent mailed the statutory notice of deficiency for 1981 on May 5, 1986, signed by the district director of respondent. It was received by petitioners, and they timely filed their petition on July 21, 1986. OPINION
*353 The first issue we address is whether the Form 872-A, the purpose of which is to extend the period of limitations indefinitely, was properly executed by respondent prior to the expiration of the statute of limitations for 1981. Petitioners present two arguments. They assert that, although conceding that the extension was signed by a representative of respondent, the case was at the appellate level and in such circumstances the Form 872-A could be executed only by someone authorized to do so for respondent's regional director of Appeals, which did not include O'Brien. Further, petitioners urge that Form 872-A could be used only if the case were actually in the Appeals Division. Respondent denies that the case was at the appellate level and asserts that Form 872-A may be used at the examination level. We agree with respondent. Under section 6501(a), respondent was required to assess the deficiency, additions to tax, and increased interest involved in this case within 3 years after the return for 1981 was filed. However, section 6501(c)(4) provides that if, prior to the expiration of the statute of limitations for assessment, the Secretary and the taxpayer have consented in writing *354 to the extension of the period of assessment, the tax may be assessed at any time prior to the expiration of the agreed period. The taxpayer has the ultimate burden of persuasion as to whether the statutory notice of deficiency was issued after the expiration of the period of limitations for the year in issue. Rule 142(a), Kronish v. Commissioner, 90 T.C. 684, 692 (1988); Adler v. Commissioner, 85 T.C. 535 (1985). In Adler v. Commissioner, supra at 540, we set forth the procedure for analyzing a case wherein the notice of deficiency was mailed after the expiration of the period of limitations provided in section 6501(a), as follows: Where the party pleading such issue makes a showing that the statutory notice was issued beyond the normally applicable statute of limitations, however, such party has established a prima facie case. At that point, the burden of going forward with the evidence shifts to the other side, and the other party has the burden of introducing evidence to show that the bar of the statute is not applicable. Where the other party makes such a showing, the burden of going forward with the evidence *355 then shifts back to the party pleading the statute, to show that the alleged exception is invalid or otherwise not applicable. * * * In the instant case, petitioners have shown that the statutory notice was issued beyond the normal expiration of the statute of limitation under section 6501(a). Respondent has satisfied her burden of going forward with the evidence by producing a facially valid Form 872-A. Therefore, the burden of going forward with the evidence shifts back to petitioners to show that the Form 872-A was invalid. Adler v. Commissioner, supra at 540. Petitioners concede that respondent's district director had delegated his authority to execute the extension of the period of limitations to O'Brien, the district's chief of the examination support section in 1985. However, they argue that this case was at the appellate level when the Form 872-A was executed by O'Brien, and consequently that the Form 872-A was invalid since, they maintain, it required the signature of someone authorized to execute the extension for respondent's regional director of Appeals. Petitioners have failed to show that the case was at the appellate level at the time *356 the Form 872-A was executed by respondent's agent. In fact, the evidence is to the contrary. The testimony of O'Brien and the supporting documentation thereto persuade us that this case was within respondent's examination division and in suspense when the Form 872-A was executed. Petitioners argue further that, if the case was not in respondent's Appeals Division, it was inappropriate to use the Form 872-A. However, Rev. Proc. 79-22, 1979-1 C.B. 563, upon which petitioners rely, clearly states that the Form 872-A may be used in place of Form 872 when the case is either at the examination or appeals level. We hold that based upon the record, petitioners have failed to satisfy their burden regarding the invalidity of the Form 872-A involved in this case. Hence, the period of limitations had not expired with respect to the year in issue at the time the notice of deficiency was mailed. The second issue we address is whether the statutory notice of deficiency must be sent by certified or registered mail. Section 6212(a) states that "If the Secretary determines that there is a deficiency in respect of any tax * * * he is authorized to send notice *357 of such deficiency to the taxpayer by certified mail or registered mail." (Emphasis added.) Petitioners argue that the notice required in this section must be forwarded to them by the methods declared in the statute. We note initially that respondent was not able to produce records showing that the notice of deficiency had been sent by either certified or registered mail. Nor were petitioners able to show (as by producing the mailing envelope for the statutory notice) that it was not sent by registered or certified mail. Notwithstanding this shortcoming, respondent contends that actual receipt of a notice of deficiency without prejudicial delay satisfies the statute. This Court and several appellate courts agree with respondent that section 6212(a) does not limit the methods respondent may use to notify taxpayers to those specified therein, if the taxpayer receives actual notice. In McKay v. Commissioner, 89 T.C. 1063, 1069 (1987), affd. 886 F.2d 1237 (9th Cir. 1989), we said: section 6212(a) merely authorizes the Secretary to send notices of deficiency by registered or certified mail. Other means of delivery may be used. The "purpose *358 of the statutory requirement for the issuance of deficiency notices is to inform the taxpayer that the Commissioner means to assess additional taxes against him, and to provide time for the taxpayer to petition this Court for a redetermination if he is so advised." Perlmutter v. Commissioner, 44 T.C. 382, 400 (1965), affd. 373 F.2d 45 (10th Cir. 1967). [Fn. ref. omitted.] See also Miller v. Commissioner, 94 T.C. 316 (1990); Berger v. Commissioner, 404 F.2d 668, 674 (3d Cir. 1968), affg. 48 T.C. 848 (1967) (holding that "The statute does not make * * * [actual receipt of notice of deficiency by the proper party within the period of limitations] inadequate merely because it authorizes an alternative mailing of notice which it makes sufficient without proof of actual delivery."); Boren v. Riddell, 241 F.2d 670, 673 (9th Cir. 1957) (holding that "actual notice * * * satisfies [the predecessor to section 6212(a)], and that literal compliance is unnecessary"). In fact, actual notice, even if oral, will satisfy the requirements of section 6212(a). See Zaun v. Commissioner, 62 T.C. 278, 280 (1974); *359 Mulvania v. Commissioner, T.C. Memo. 1984-98, affd. 769 F.2d 1376 (9th Cir. 1985). In the instant case, petitioners do not deny that they received the notice of deficiency with sufficient time to file their petition with this Court. However, petitioners argue that the legislative history concerning an amendment to section 6212(a) supports their contention that failure to send the notice by certified or registered mail results in fatal noncompliance with the statute. They rely on the committee reports to the Technical Amendments Act of 1958 which amended section 6212(a) to authorize the use of certified mail in addition to registered mail. Sec. 6212(a), as amended by the Technical Amendments Act of 1958, Pub. L. 85-866, sec. 89(b), 72 Stat. 1665. The legislative history for that amendment states that "the Service is required to use registered mail in issuing notices of deficiency". H. Rept. 775, 85th Cong., 1st Sess. (1957), 1958-3 C.B. 811, 857; S. Rept. 1983, 85th Cong., 2d Sess. (1958), 1958-3 C.B. 922, 1023. (Emphasis added.) The function of the courts in interpreting a statute "is to construe the language *360 so as to give effect to the intent of Congress" in enacting the legislation. United States v. American Trucking Associations, 310 U.S. 534, 542 (1940); see also United States v. Pelzer, 312 U.S. 399 (1941). In light of this mandate, we find petitioners' argument unpersuasive for several reasons. First, the development of the law regarding respondent's responsibility, in general, to provide taxpayers with notice of a deficiency prior to assessment supports the conclusion that Congress did not intend to require that effective notice be limited to the means declared in the statute. United States v. American Trucking Associations, supra.The predecessor to section 6212(a) originally provided that the taxpayer "shall be notified of such deficiency by registered mail." Revenue Act of 1924, ch. 234, sec. 274(a), 43 Stat. 297. (Emphasis added.) In the Revenue Act of 1926, this provision was revised to read that the "Commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail." (Emphasis added.) Revenue Act of 1926, ch. 27, 44, sec. 274(a), Stat. 55. This change from a compulsory *361 term, which effectively precluded other forms of notification, to one permissive in nature implies that Congress contemplated the possibility of notice by other methods. [3] Cf. Richards v. United States, 369 U.S. 1, 9 (1962) (generally "legislative purpose is expressed by the ordinary meaning of the words used.") Second, the language of the legislative history, cited by petitioners, is not unambiguous, for the committees may have been referring to the circumstance under which respondent may meet the requirements of section 6212(a) by constructive notice to the taxpayer. See Berger v. Commissioner, supra.
Thus we conclude that Congress did not intend to preclude actual notice, without prejudicial delay, from constituting *362 compliance with requirements of section 6212(a). Petitioners argue further that United States v. Ball, 326 F.2d 898 (4th Cir. 1964), supports their position.[4] The court in that case was concerned with the issue of whether it had been proper for the District Court to grant summary judgment in favor of the Government where the record failed to establish affirmatively that there was no dispute regarding compliance with the notice provisions of section 6212(a). Apparently relying on the legislative history to the Technical Amendments Act of 1958, supra, the court stated that section 6212(a) mandated the use of registered mail for the year before them. However, the holding of United States v. Ball, supra, is not squarely in point with respect to the circumstances before us, since the court did not address the issue, such as is present in this case, whether actual notice is in itself sufficient to satisfy respondent's obligation under section 6212(a). See Golsen v. Commissioner, 54 T.C. 742, 757 (1970), affd. 445 F.2d 985 (10th Cir. 1971). Thus, we are not bound by United States v. Ball, supra, *363 in deciding this issue. Having considered petitioners' various arguments with respect to this issue, we hold that the statutory notice of deficiency was not invalid where it was actually received by petitioners without prejudicial delay. In light of the foregoing holdings and prior determinations of this Court, see supra note 2, Decision will be entered for respondent with respect to the deficiency in tax, the increased interest under section 6621(c), formerly section 6621(d), *364 and the addition to tax under section 6651(a)(1), and for petitioners with respect to the additions to tax under section 6653(a)(1) and (2). Footnotes
1. All statutory references are to the Internal Revenue Code as in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted. ↩
2. The issues involving the deficiency, the additions to tax, and the increased interest were resolved by this Court's Memorandum and Order dated Nov. 16, 1990, except for the addition to tax pursuant to sec. 6651(a)(1) which is deemed abandoned as the result of this Court's Order dated Sept. 25, 1991.↩
3. Subsequent to 1926, Congress reenacted sec. 274(a), Revenue Act of 1926, ch. 27, 44 Stat. 55, without material change. E.g., Internal Revenue Code of 1939, ch. 2, sec. 272(a), 53 Stat. 82; Internal Revenue Code of 1954, ch. 736, sec. 6212(a), 68A Stat. 270.↩
4. Since this case is appealable to the United States Court of Appeals for the Fourth Circuit and since the law of this Court is that respondent is not required to send the notice of deficiency by either certified or registered mail in the context of actual notice, we treat this argument as asserting that United States v. Ball, 326 F.2d 898 (4th Cir. 1964), is binding on this Court under the rule of Golsen v. Commissioner, 54 T.C. 742 (1970), affd. 445 F.2d 985↩ (10th Cir. 1971).