T.C. Memo. 2000-115


UNITED STATES TAX COURT


MICHAEL P. AND DOLORES A. GAM, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 13223-98.                    Filed March 31, 2000.


     R sent a notice of deficiency for 1995 to Ps.  This
notice of deficiency was mailed to the address used by Ps on
their 1996 tax return, the last tax return Ps filed before
the notice of deficiency was issued, except that R placed
three additional digits at the end of the otherwise-correct
ZIP Code.  Ps did not receive this notice of deficiency.
About 7 months later, Ps received a copy of this notice of
deficiency from R's Taxpayer Advocate.

     Held:  Based on the evidence, the three additional
digits on the end of the ZIP Code in the address used to
mail the notice of deficiency did not affect the postal
processing of the notice of deficiency and, as a result, did
not render the address something other than Ps' last known
address.  Ps' petition was not timely filed, and R's motion
to dismiss is granted.  See secs. 6212, 6213, I.R.C. 1986.


Michael P. and Dolores A. Gam, pro se.

Milton B. Blouke, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

CHABOT, Judge:  This matter is before us on respondent's motion to dismiss the instant case for lack of jurisdiction because the petition was not filed within the time prescribed by section 6213(a).[1]

Respondent determined a deficiency in Federal individual income tax against petitioners for 1995 in the amount of $2,821.

The primary issue for decision is whether respondent's use of three additional digits at the end of petitioners' nine-digit ZIP Code in the address for the notice of deficiency effectively resulted in the notice of deficiency's not having being mailed to petitioners' last known address, within the meaning of section 6212(b)(1).

Argument on the motion and an evidentiary hearing were held at a trial session of the Court in Las Vegas, Nevada.  In addition to the motion papers and a transcript of the proceedings, the record includes a stipulation of facts, exhibits, and posthearing memoranda.

FINDINGS OF FACT

Some of the facts have been stipulated; the stipulations and

---

[1]Unless indicated otherwise, all section, chapter, and subtitle references are to sections, chapters, and subtitles of the Internal Revenue Code of 1986 as in effect for the period beginning on the date the notice of deficiency was mailed and ending on the date the petition was filed.

the stipulated exhibits are incorporated herein by this reference.

When the petition was filed in the instant case, petitioners resided in Henderson, Nevada.

On October 22, 1997, respondent issued a notice of deficiency to petitioners for 1995. This notice of deficiency was sent by certified mail to petitioners at "25521 La Mirada, Laguna Hills, Ca. 92653-5316217." This address is hereinafter sometimes referred to as the 12-digit ZIP Code address.

On October 22, 1997, and until June 29, 1998, when petitioners moved to Henderson, Nevada, their street address was 25521 La Mirada, Laguna Hills, California 92653-5316. This address is hereinafter sometimes referred to as petitioners' correct address, or as the 9-digit ZIP Code address. The only difference between the two addresses is the addition of the digits "217" to the end of the ZIP Code on the 9-digit ZIP Code address. The 9-digit ZIP Code address appears on petitioners' 1996 tax return, which was filed on April 15, 1997. The 1996 tax return was the last tax return petitioners filed before respondent issued the notice of deficiency for 1995.

Petitioners did not receive the certified mail notice of deficiency, nor was the certified mail notice of deficiency returned to respondent. The U.S. Postal Service (hereinafter sometimes referred to as the USPS) does not have any record of

delivery, nor does it have any record of article returned for a certified letter mailed by respondent on October 22, 1997, to petitioners' correct address.

On or before June 29, 1997, petitioners received from respondent a Form CP-2000, dated June 25, 1997, proposing a 1995 deficiency in the amount of $4,625, and asking petitioners to respond within 30 days. This letter was addressed to petitioners at the 12-digit ZIP Code address.

On May 17, 1998, petitioners received a letter dated May 13, 1998, from respondent's Taxpayer Advocate addressed to the 12-digit ZIP Code address. This letter included a copy of the original notice of deficiency, part of which petitioners attached to the petition filed in the instant case. This was the first time petitioners received a copy of the notice of deficiency.

The petition in the instant case was filed on July 24, 1998, which is 275 days after October 22, 1997, when the notice of deficiency was mailed. The envelope in which the petition was sent to this Court is postmarked July 22, 1998, which is 273 days after the notice of deficiency was mailed.

The correct ZIP Code for the address 25521 La Mirada, Laguna Hills, California, is not the 12-digit ZIP Code. There is no such ZIP Code as the 12-digit ZIP Code within the USPS system. The correct ZIP Code for 25521 La Mirada, Laguna Hills, California, is 92653-5316--the 9-digit ZIP Code address.

Mail is machine-sorted and dispatched to USPS mail carriers if the envelope has a bar code, a 5-digit ZIP Code, or a 9-digit ZIP Code. Mail is processed manually if the envelope does not have a ZIP Code, if it has a 12- or 13-digit ZIP Code, or if it is sent by certified mail. Certified mail is processed separately under an accountability system.

The use of ZIP Codes by mailers is optional.

---

When the notice of deficiency was mailed to petitioners, the 9-digit ZIP Code address was petitioners' last known address.

Respondent's use of the 12-digit ZIP Code address for the notice of deficiency in the instant case did not affect the deliverability of the notice of deficiency, because that piece of mail would in any event have been processed through an accountability system because it was sent by certified mail.

The notice of deficiency was addressed to petitioners at their last known address.

OPINION

Respondent contends that this Court does not have jurisdiction of the instant case because (1) respondent mailed the notice of deficiency to petitioners' last known address and (2) the petition was not filed within 90 days after respondent so mailed the notice of deficiency. Respondent contends that the use of the 12-digit ZIP Code address did not prevent delivery of

the notice of deficiency.  Finally, respondent contends that, even though petitioners did not receive the notice of deficiency as mailed, "petitioners had actual oral notice that a deficiency in income tax had been proposed against them for the 1995 income tax year."

Petitioners contend they never received the notice of deficiency until, after many efforts over many months, they received a copy of the notice of deficiency attached to a letter from respondent's Taxpayer Advocate office.  In their written objection to respondent's motion, petitioners ask that we hold that their petition was timely filed and that this Court has jurisdiction of their case.

In their opening statement at the evidentiary hearing on respondent's motion, petitioners contend that, because of their efforts to get a copy of the notice of deficiency and respondent's lack of cooperation, the notice of deficiency should be treated as having been mailed on May 13, 1998, the date on the letter from respondent's Taxpayer Advocate which included a copy of the notice of deficiency; under these circumstances, petitioners point out, their petition was timely filed.  In addition, petitioners contend that respondent's addition of three digits to the ZIP Code of petitioners' correct address may have interfered with their receipt of the notice of deficiency.

On brief, petitioners rest primarily on the contention that

this Court does not have jurisdiction because "the notice was never actually mailed to the Petitioners, and the Respondent offers no evidence that it was." Also, petitioners contend that oral notification of the notice of deficiency is insufficient to comply with section 6212(a).

Thus, some of petitioners' contentions lead them to conclude that we do have jurisdiction of the instant case, while petitioners' other contentions lead them to conclude that we do not have jurisdiction.

We agree with respondent that we do not have jurisdiction because the notice of deficiency is valid and the petition was filed more than 90 days after notice of deficiency was mailed.

A. In General

This Court's jurisdiction to redetermine a deficiency (see sec. 6214(a)[2]) depends on respondent's sending a valid notice of

_____

[2]SEC. 6214. DETERMINATIONS BY TAX COURT.

    (a) Jurisdiction as to Increase of Deficiency, Additional Amounts, or Additions to the Tax.--Except as provided by section 7463, the Tax Court shall have jurisdiction to redetermine the correct amount of the deficiency even if the amount so redetermined is greater than the amount of the deficiency, notice of which has been mailed to the taxpayer, and to determine whether any additional amount, or any addition to the tax should be assessed, if claim therefor is asserted by the Secretary at or before the hearing or a rehearing.

deficiency to a taxpayer (see sec. 6212(a)[3]) and that taxpayer's filing with this Court a timely petition that we redetermine the deficiency determined against that taxpayer in that notice of deficiency (see sec. 6213(a)[4]).  See Normac, Inc. & Normac, International v. Commissioner, 90 T.C. 142, 147 (1988). Accordingly, if respondent issued a valid notice of deficiency

---

[3]Sec. 6212 provides, in pertinent part, as follows:

SEC. 6212. NOTICE OF DEFICIENCY.

(a) In General.--If the Secretary determines that there is a deficiency in respect of any tax imposed by subtitle A [relating to income taxes] * * * he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail.

(b) Address for Notice of Deficiency.--

(1) Income and gift taxes and certain excise taxes.--In the absence of notice to the Secretary under section 6093 of the existence of a fiduciary relationship, notice of a deficiency in respect of a tax imposed by subtitle A * * *, if mailed to the taxpayer at his last known address, shall be sufficient for purposes of subtitle A * * * and this chapter [chapter 63, relating to assessment] * * *

[4]Sec. 6213(a) provides, in pertinent part, as follows:

SEC. 6213.   RESTRICTIONS APPLICABLE TO DEFICIENCIES; PETITION TO TAX COURT.

(a) Time for Filing Petition and Restriction on Assessment.--Within 90 days * * * after the notice of deficiency authorized in section 6212 is mailed * * *, the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency.  * * *

and the petition is untimely, then the petition will have to be dismissed for lack of jurisdiction.  See, e.g., <u>Keeton v. Commissioner</u>, 74 T.C. 377, 379 (1980).  However, if jurisdiction is also lacking because of respondent's failure to issue a valid notice of deficiency, then the case will be dismissed on the latter ground, rather than for lack of a timely filed petition. See <u>DeWelles v. United States</u>, 378 F.2d 37, 39 (9th Cir. 1967); <u>Keeton v. Commissioner</u>, 74 T.C. at 379, and cases there cited; see also <u>Mulvania v. Commissioner</u>, 769 F.2d 1376 (9th Cir. 1985), affg. T.C. Memo. 1984-98.

B.  Last Known Address

Because of the Court's concern about jurisdiction, we informally raised with the parties[5] the question of whether respondent's use of a 12-digit ZIP Code might have an impact on whether respondent sent the notice of deficiency to petitioners' last known address.

A notice of deficiency serves the purpose of the statutory scheme if (1) it provides notice to the taxpayer that the Commissioner has determined a deficiency against the taxpayer, and (2) it is received by the taxpayer in time to provide an

---

[5]It is well settled that this Court can proceed in a case only if we have jurisdiction and that any party, or the Court sua sponte, can question jurisdiction at any time, even after the case has been tried and briefed.  See <u>Normac, Inc. & Normac International v. Commissioner</u>, 90 T.C. 142, 146-147 (1988); <u>Kahle v. Commissioner</u>, 88 T.C. 1063 n.3 (1987), and cases there cited.

opportunity to petition this Court to redetermine the deficiency. See, e.g., Mulvania v. Commissioner, 81 T.C. 65, 67 (1983); Frieling v. Commissioner, 81 T.C. 42, 53 (1983). If the taxpayer files a timely petition (Frieling), or receives the notice of deficiency early enough to file a timely petition, even if the taxpayer does not file a timely petition (Mulvania), then the notice of deficiency has satisfied these requirements.

In addition, the statute provides that the mailing of a notice of deficiency to a taxpayer's last known address, within the meaning of section 6212(b)(1), is a safe harbor assuring respondent that the notice is valid for purposes of section 6212(a), even if the notice is not received by the taxpayer before the 90-day petition period has run. See DeWelles v. United States, 378 F.2d at 40; Zenco Engineering Corp. v. Commissioner, 75 T.C. 318, 321-322 (1980), affd. without published opinion 673 F.2d 1332 (7th Cir. 1981).

In the instant case, the parties have stipulated that petitioners did not receive the notice of deficiency that was mailed on October 22, 1997. Petitioners finally received a copy of this notice of deficiency on May 17, 1998, long after the expiration of the 90-day petition period.

The parties' stipulations make it clear, and we have found, that the 9-digit ZIP Code address was petitioners' last known address. The address used by respondent for the notice of

deficiency (the 12-digit ZIP Code address) differed from the last known address only in that the former included three additional digits at the end of the ZIP Code.

The unrebutted testimony of a USPS employee who has management responsibility for, and extensive experience with, the USPS's ZIP Code system makes it plain that the three additional digits at the end of the ZIP Code would not have had any effect on the deliverability of the notice of deficiency. This testimony is buttressed by the parties' stipulation of petitioners' receipt of a June 1997 letter (the CP-2000) that had been addressed to the 12-digit ZIP Code address, and the parties stipulation of petitioners' receipt of a May 1998 letter (from respondent's Taxpayer Advocate) that had been addressed to the 12-digit ZIP Code address.

Thus, although the three additional digits at the end of the ZIP Code were not properly part of petitioners' last known address, these digits did not affect the deliverability of mail to petitioners. That is, the three additional digits would not have affected the USPS's processing of mail, and mail which included the three additional digits made its way in a timely manner to petitioners' mailbox both before and after the October 22, 1997, notice of deficiency. Under these circumstances, it would be an exaltation of trivia over both form and substance to hold that the three additional digits affect the status of the

notice of deficiency.

In <u>Hoffenberg v. Commissioner</u>, 905 F.2d 665 (2d Cir. 1990), affg. T.C. Memo. 1989-676, in addressing the deficiency notice, the Commissioner added "c/o Jessie Vogel, Esq.", to the address that the taxpayer had last reported to the IRS.  We held that the Commissioner mailed the notice to the taxpayer at his "last known address", finding that the addition of "c/o Jessie Vogel, Esq." to the address on the notice of deficiency was mere surplusage having no effect on its proper mailing or delivery.

Accordingly, consistent with our precedents,[6] we hold, for respondent, that respondent mailed the notice of deficiency by certified mail on October 22, 1997, to petitioners at their last known address, within the meaning of section 6212(b)(1).

C. Other Contentions

1. Notice of Deficiency Not Sent

At the end of the evidentiary hearing, the Court directed the parties to file one round of briefs, respondent opening and petitioners answering.  In petitioners' answering brief they raise for the first time the contention that respondent failed to demonstrate that the notice of deficiency was mailed to

---

[6]To the same effect are <u>Pickering v. Commissioner</u>, T.C. Memo. 1998-142; <u>Nationwide Power Corp. v. Commissioner</u>, T.C. Memo. 1992-485; <u>Iacino v. Commissioner</u>, T.C. Memo. 1992-111; <u>Watkins v. Commissioner</u>, T.C. Memo. 1992-6; <u>Davis v. Commissioner</u>, T.C. Memo. 1990-473; <u>Greenstein v. Commissioner</u>, T.C. Memo. 1990-405; compare <u>Wilson v. Commissioner</u>, T.C. Memo. 1997-515; <u>Violette v. Commissioner</u>, T.C. Memo. 1994-173.

petitioners.

Although the parties cannot confer jurisdiction on this Court by merely stipulating or otherwise agreeing that we have jurisdiction (see Romann v. Commissioner, 111 T.C. 273, 281 (1998) and cases there cited), they are permitted to effectively stipulate as to matters of fact on the basis of which we may conclude that we have jurisdiction.

At the start of the evidentiary hearing, the parties offered, and the Court received, stipulations and stipulated exhibits, including the following:

> 9.  On October 22, 1997, the Internal Revenue Service located at Fresno, California issued a statutory notice of deficiency to the petitioners for the 1995 taxable year.
>
> 10.  The statutory notice of deficiency dated October 22, 1997, for the 1995 taxable year, was addressed to the petitioners at 25521 La Mirada, Laguna Hills, Ca.  92653-5316217.  The statutory notice of deficiency was mailed by certified mail to petitioners at the above address. Attached an [sic] marked as Exhibit 7-J is a copy of the certified mailing list.
>
> 11.  The petitioners stipulate that their street address on October 22, 1997, and until June 29, 1998, when they moved to Henderson Nevada, was 25521 La Mirada, Laguna Hills, Ca. 92653-5316.  This was the address as shown on their last filed tax return (1996 tax return filed April 15, 1997) prior to the issuance of the notice of deficiency on October 22, 1997.
>
> 12.  The petitioners did not receive the notice of deficiency issued on October 22, 1997, for the 1995 taxable year by certified mail.

These stipulations are binding, unless the parties agree otherwise or the Court relieves a party from the binding effect "where justice requires."  Rule 91(e).[7]

The parties have not informed the Court of any agreement to modify the binding effect of the plain statements in stipulation 10 and the corroborative statements in stipulations 9, 11, and 12.  Petitioners have not asked the Court to relieve them from stipulation 9, 10, 11, or 12.  We do not find anything in the record in the instant case that suggests that justice requires that we relieve petitioners from any such binding effect.

Accordingly, the parties' stipulations resolve this matter-- the notice of deficiency was issued and mailed to petitioners by certified mail on October 22, 1997.  See, e.g., <u>Bail Bonds by</u>

_____

[7]RULE 91.  STIPULATIONS FOR TRIAL

        *     *     *     *     *     *     *

(e) Binding Effect:  A stipulation shall be treated, to the extent of its terms, as a conclusive admission by the parties to the stipulation, unless otherwise permitted by the Court or agreed upon by those parties.  The Court will not permit a party to a stipulation to qualify, change, or contradict a stipulation in whole or in part, except that it may do so where justice requires.  A stipulation and the admissions therein shall be binding and have effect only in the pending case and not for any other purpose, and cannot be used against any of the parties thereto in any other case or proceeding.

Unless indicated otherwise, all Rule references are to the Tax Court Rules of Practice and Procedure.

Marvin Nelson, Inc. v. Commissioner, 820 F.2d 1543, 1547 (9th Cir. 1987), affg. T.C. Memo. 1986-23.

Petitioners cite five published opinions in the parts of their brief dealing with the issue of whether the notice of deficiency was mailed. In United States v. Williams, 161 F. Supp. 158 (E.D.N.Y. 1958), one of the opinions that petitioners cite, there were stipulations about numerous documents but none about a notice of deficiency. See id. at 159. The opinion in Williams relates that Government counsel specifically argued on brief that the Commissioner was not required to send a notice of deficiency. See id. at 160. The District Court rejected that argument and ruled for the taxpayer. See id. at 160-161. In United States v. Ball, 326 F.2d 898 (4th Cir. 1964), another opinion cited by petitioners, the parties thereto stipulated that there had been an assessment of income tax followed by a notice and demand for payment under section 6303. See id. at 899-900. They also stipulated that "Said assessment, with interest thereon, as allowed by law, remains due and owing to the United States of America." Id. at 902 n.5. The District Court granted summary judgment to the Government. On appeal, the taxpayer's beneficiaries[8] raised the question of whether a notice of

_____

[8]The Government sued to enforce its assessment lien against the cash surrender values of two of the taxpayer's life insurance policies. The taxpayer had gone to Mexico and stayed there. The appellants were beneficiaries under the policies. See United

(continued...)

deficiency had been sent to the taxpayer.  See id. at 902.  The Court of Appeals rejected the Government counsel's contention that the above-noted stipulation amounted to an agreement that the assessment was valid, held that a valid notice of deficiency was essential to the validity of the assessment and thus was jurisdictional in any suit to enforce the assessment lien, reversed the grant of summary judgment, and remanded for further proceedings.  See id. at 902-903.  The three other opinions cited by petitioners do not discuss the role of stipulations.

All five of the opinions that petitioners cite are distinguishable from the instant case in that the parties in the instant case have laid to rest the important factual matter that the Court of Appeals focused on in Ball; i.e., in the instant case the parties stipulated that the notice of deficiency was mailed to petitioners by certified mail on October 22, 1997.

We conclude, and we have found, based on the parties' stipulations, that respondent has satisfactorily demonstrated that the notice of deficiency was mailed to petitioners by certified mail on October 22, 1997.

2.  Start of 90-Day Period

In their supplemental written objection to respondent's motion to dismiss, and in their opening statement at the

---

[8](...continued)
States v. Ball, 326 F.2d 898, 899 (4th Cir. 1964)

evidentiary hearing, petitioners contend that the 90-day period for filing their petition should start on May 13, 1998, the date of the letter from respondent's Taxpayer Advocate which included a copy of the notice of deficiency.

Petitioners did not include this contention in their posthearing brief.  We treat this as, in effect, petitioners' abandonment of this contention.  See subpars. (4) and (5) of Rule 151(e); Sundstrand Corp. v. Commissioner, 96 T.C. 226, 344 (1991); Money v. Commissioner, 89 T.C. 46, 48 (1987).  In any event, the general rule is that the date of receipt, if any, is irrelevant for purposes of applying the 90-day requirement.  See Wilson v. Commissioner, 564 F.2d 1317, 1319 (9th Cir. 1977), affg. in part and dismissing in part unreported orders of this Court.  We have not found anything in the record that would cause us to conclude that the instant case presents any exception to this general rule.

Under section 6213(a) and Rule 25(a)(1), the first day of the 90-day period is October 23, 1997, the day after the notice of deficiency was mailed to petitioners.  The petition was filed on July 24, 1998, long after the end of the 90-day period.

D. Conclusions

Respondent sent a valid notice of deficiency to petitioners. Petitioners did not file a timely petition.  Because the petition was not filed timely, this Court does not have jurisdiction over

the instant case.

Under the circumstances, we need not and do not resolve the parties' dispute about an asserted oral notification of the notice of deficiency.  See McKay v. Commissioner, 89 T.C. 1063, 1069 n.7 (1987), and cases there cited, affd. 886 F.2d 1237 (9th Cir. 1989).

Although petitioners cannot pursue their case in this Court, they are not without a judicial remedy.  Specifically, petitioners may pay the tax, file a claim for refund with the Internal Revenue Service, and if their claim is denied, then sue for a refund in the appropriate Federal District Court or the U.S. Court of Federal Claims.  See Armstrong v. Commissioner, 15 F.3d 970, 973 n.2 (10th Cir. 1994), affg. T.C. Memo. 1992-328; McCormick v. Commissioner, 55 T.C. 138, 142 n.5 (1970).  We do not express any view in the instant case as to whether our opinion in Gam v. Commissioner, T.C. Summary Opinion 1999-61, should have any preclusive or other effect in any such refund suit.

We hold for respondent.

Respondent's motion to dismiss will be granted, and an appropriate order will be entered dismissing the instant case for lack of jurisdiction.